## SIMPSON VS. BLACK.

*Action for breach of promise to marry.—Aggravation of damages by unsuccessful attempt to justify.*

1. Where, in an action for breach of promise to marry, the defendant dishonestly attempts to injure plaintiff's reputation by allegations made under pretense of a justification or excuse for his own acts, exemplary damages may perhaps be allowed.
2. But where, in such an action, the answer alleged that during the time plaintiff claimed to have waited for defendant to fulfill his promise,

she was "using her best endeavors to induce" one M. to marry her, it was error to refuse an instruction that, if defendant had failed to show that plaintiff had engaged herself to M., this should not aggravate the damages.

3. It appearing probable from the character of the verdict, that defendant was injured by the refusal, the judgment must be reversed.

ERROR to the Circuit Court for *Winnebago* County. *Gabe Bouck*, for plaintiff in error.

*Elbridge Smith*, for defendant in error, cited *Davis v. Slagle*, 27 Mo. 600; *Denslow v. Van Horn*, 16 Iowa, 476; *Kniffen v. McConnell*, 30 N. Y. 285.

COLE, J. This is an action to recover damages for a breach of promise of marriage. Among other matters, the defendant set up in his answer that during the time the plaintiff claimed to have been waiting for the defendant to come to her place of residence to marry her, she was using her best endeavors to marry one McGill, and that she did during the same time receive visits from different men with a view to matrimony. There was some testimony offered in support of this part of the answer. And the court was asked, on behalf of the defendant, to instruct the jury that if they found the fact to be that the defendant had failed to show that the plaintiff engaged herself to McGill while engaged to him,* this should not aggravate the damages which they might · find for the plaintiff. This instruction the court refused to give; and one question raised here is as to the correctness of this ruling of the court below.

We think the instruction was correct and should have been given. No good reason occurs to us why the damages should be increased because the defendant was unsuccessful in proving that while the plaintiff was engaged to him she became engaged to another man. It is said that an unsuccessful attempt to prove these facts should properly enhance the damages, since

---

* The defendant's evidence *tended* to prove this fact.—REP.

it was an attack on the record upon the character of the plaintiff. And the cases of *Kniffen v. McConnell*, 30 N. Y. 285; *Denslow v. Van Horn*, 16 Iowa, 476; and *Davis v. Slagle*, 27 Mo. 600, are cited in support of this position.

These cases do indeed decide that where the defendant attempts to justify the breach of promise of marriage by proving that the plaintiff was guilty of lascivious conduct with other men, *of which he knew that she was not guilty*, this was a circumstance which aggravated the damages. And this is doubtless on the ground that the rule of exemplary damages is sufficiently comprehensive to admit the consideration of such a charge as showing the intent and purpose of the defendant. It may be that the jury would be warranted in giving exemplary damages in these cases, where a clearly dishonest attempt to injure the plaintiff's character was made by the defendant under the pretense of justification, or as an excuse for his breaking his engagement. But that is not this case, and we are not disposed to extend the doctrine of these cases, which hold that an attempt to prove facts imputing want of chastity to the plaintiff, which fails, aggravates the damages, to the one before us. Here all the defendant attempted to prove was, that while the plaintiff was waiting for him to fulfill his promise, she was using her best endeavors to marry another man. There is nothing to show that this attempt was in bad faith made for the purpose of injuring the plaintiff's character. True, it tended to impeach her character for constancy in her affections and fidelity in her engagement to him. But still it was not a matter that affected her very seriously, and we think it a hard rule to say that, because the defendant was unsuccessful in establishing these facts, her damages must be increased, although he might have been entirely sincere in offering the proof. And when we consider the amount of the verdict, there is ground

for assuming that the jury probably gave much larger damages in consequence of the failure of the defendant to prove that the plaintiff was engaged to McGill after she was engaged to him. The refusal of the court to give the instruction asked would naturally have that effect upon the minds of the jury, and tend to increase the amount recovered.

Our conclusion therefore is, that there must be a new trial on account of the error in refusing to give the instruction above referred to.

*By the Court.*—Judgment reversed, and a new trial ordered.