## LEAVITT V. CUTLER.

BREACH OF PROMISE OF MARRIAGE: DAMAGES. (1) *When defense charging unchaste character may be considered in aggravation of damages.* (2) *When bad faith in making charge inferred.* (3) *Such charges made in affidavit in course of trial cannot be considered in aggravation of.*

EVIDENCE. (4) *Pleadings in case are before court; should not be put in evidence.* (5) *Charge of unchaste character presumptively false. Testimony to disprove, inadmissible until evidence offered in support of.* (6) *Seduction may be proved in aggravation when alleged in complaint; not otherwise.* (7) *Proof of fraud in obtaining promise admissible only when alleged in answer.*

1. In an action for a breach of a promise of marriage, where the answer, in defense or mitigation of damages, charges plaintiff with acts of lewdness, such charges may be considered by the jury in aggravation of damages, if found to be false *and made in bad faith*, but not otherwise.

2. It is not necessary, in such a case, that defendant should have known the charges to be false, but the bad faith may be inferred from the fact that he had no sufficient reason for believing them to be true.

3. Charges of immorality against plaintiff contained in an *affidavit* made by defendant in the course of the trial could not properly be considered by the jury in aggravation of damages; nor similar charges made in the original and first amended answer, where the action went to trial on a second amended answer.

4. The pleadings which make the issue to be tried are always before the court for all legitimate purposes; and it was erroneous practice in this case for plaintiff to formally *put in evidence* the answer as finally amended.

5. The charges against plaintiff made in the answer were presumptively false, until some evidence was introduced in their support; and in the absence of such evidence, testimony offered by plaintiff to disprove them was unnecessary and inadmissible.

6. In such an action, the fact that plaintiff has been seduced by defendant by means of the alleged promise of marriage, may be shown, to enhance the damages, if. it is alleged in the complaint, but not otherwise.

7. It seems, also, that proof that defendant's promise of marriage was obtained by plaintiff *fraudulently*, should not be admitted unless the fact is alleged in the answer.

Leavitt vs. Cutler.

APPEAL from the Circuit Court for *Waukesha* County.

Action for breach of promise of marriage. The complaint alleges the making of the promise in November, 1869 ; an agreement thereupon that the plaintiff should give up the business of millinery, which she then carried on, by March 1, 1870, with a view to the marriage at that time ; that in pursuance of such agreement she gave up the business; her readiness and defendant's refusal. The answer, as amended, contained a general denial, and a defense, that at the time the promises are alleged to have been made, the plaintiff was unchaste and not of good character among her neighbors; that her character for chastity was bad ; that at the time, etc., she was guilty of gross misconduct, scandalous misbehavior, and corrupt, lewd and licentious practices with various men, and at various times and places, several instances of which are specified by name, place and date, of which the defendant was then wholly ignorant. Numerous exceptions were taken to the rulings of the judge in admitting and excluding evidence and in refusing and giving instructions which are not considered by the court. The court below admitted in evidence for the plaintiff in aggravation of damages the answers in the action, and also an affidavit which the defendant had made for the purpose of obtaining a continuance, in which he gave the names and residence of witnesses by whom he stated that he expected to prove divers specified acts of lewdness of the plaintiff, and that she had been delivered of a child not begotten in wedlock, and that her reputation for chastity had been bad in sundry places where she had formerly resided. The court also allowed to be read, by the plaintiff, depositions, tending to disprove the matters which the defendant in said affidavit had stated that he expected to prove, but which he had offered no evidence to prove at the time the depositions were offered. The other grounds of review which were considered by the court are stated in the brief of counsel here given, and in the opinion.

*Edwin Hurlbut* and *W. S. Hawkins*, with *L. S. Dixon*, of counsel, for appellant:

1. The court erred in receiving evidence of sexual intercourse, or of seduction under promise of marriage in aggravation of damages, as it was not stated as matter in aggravation in the complaint. *Klopfer v. Bromme*, 26 Wis., 372 ; *Wilson v. Noonan*, 35 Wis.; 321 ; R. S., 1858, ch. 125, sec. 3 (2 Tay. Stats., 1436) ; *Kniffin v. McConnell*, 30 N. Y., 292 ; *Paul v. Frazier*, 3 Mass., 71 ; *Boynton v. Kellogg*, id., 189. A mistaken application of the rule is found in *Burks v. Shain*, 2 Bibb, 341, 343 ; *Wells v. Padgett*, 8 Barb., 323. Such damages can not be recovered at all in this action. *Weaver v. Bachert*, 2 Pa. St., 80 ; *Hill v. Maupin*, 3 Mo., 324, opinion of TOMPKINS, J. 2. The court erred in excluding evidence that defendant had learned that plaintiff's character was bad. 3. And in expressing a positive and unqualified opinion as to the weight and sufficiency of the evidence offered to show that plaintiff had a miscarriage. *Ketchum v. Ebert*, 33 Wis., 611. 5. And in allowing plaintiff to read in evidence in aggravation of damages an affidavit made by defendant to obtain a continuance in the case. *Greenleaf v. McColley*, 14 N. H., 303. At all events, the affidavit was inadmissible until its statements were shown to have been made in bad faith. *Simpson v. Black*, 27 Wis., 206 ; *Kniffen v. McConnell*, 30 N. Y., 285 ; *Denslow v. Van Horn*, 16 Iowa, 476 ; *Davis v. Slagle*, 27 Mo., 600. Counsel also referred to *Southard v. Rexford*, 6 Cow., 254. 6. The court also erred in receiving in evidence the pleadings in aggravation of damages. 7. And in receiving various depositions merely negative in their character, wholly irrelevant, and apparently offered to contradict statements of the defendant's affidavit for a continuance. 10. The court erred in refusing to charge, as requested by the defendant, " that if the jury should come to the conclusion that undue and improper influences were used by the plaintiff, or her friends, with her knowledge or request, to induce the defendant to be-

come acquainted with the plaintiff, for the purpose of inducing him to commit acts with and about her, whereby she would be able to force him to marry her, or through the courts obtain money from him, the verdict should be for defendant." 11. In refusing to charge as requested : " That if the jury find that the defendant did promise to marry the plaintiff supposing her to be chaste and virtuous at the time, and that afterwards the defendant learned that the plaintiff had been guilty of gross misconduct, or of some instances of scandalous misbehaviour, or discovered her to be corrupt, or guilty of indiscretion or imprudence, or that if the plaintiff was of bad character at the time of the promise, and that it was unknown to the defendant at the time of such promise, then the verdict should be for the defendant." Where one has made an improvident promise to marry, the immoral conduct and general bad character of the other party will constitute a sufficient defense, and may be pleaded in bar of the action. 2 Sand. on Pl. & Ev., part 1, 348 ; *Young v. Murphy*, 3 Bing., N. C., 54 (32 E. C., 8, 38) ; *S. C.*, 3 Scott, 379 ; *Foulkes v. Sellway*, 3 Esp., 236 ; *Irving v. Greenwood*, 1 C. & P., 350 (11 E., C., L., 412) ; *Bench v. Merrick*, 1 C. & K., 463 (47 E., C., L., 462) ; *Boynton v. Kellogg*, 3 Mass., 189 ; *Palmer v. Andrews*, 8 Wend., 142 ; *Morgan v. Yarborough*, 5 La. An., 316 ; *Burnett v. Simpkins*, 24 Ill., 264, 266. If not a complete defense, it is certainly admissible in mitigation of damages. 13. The court erred in withdrawing from the consideration of the jury the evidence tending to show fraud and conspiracy in entrapping the defendant into the alleged promise to marry. It was received without objection and in great part offered by plaintiff herself. *Bowman v. Van Kuren*, 29 Wis., 219, 215 ; 5 Wis., Appendix, note pp. 629, 630. Other points were argued by counsel, which are sufficiently stated in the opinion, and others, not considered by the court.

*Butler & Winkler* and *Samuel A. Randles*, for respondent, contended that the verdict established a promise of marriage; that

the facts proved such promise within all the authorities.  *Hutton v. Mansell*, 6 Mod. Rep., 172 ; *S. C.*, 3 Salk.,16. 64 ; *Daniel v. Bowles*, 2 C. & P., 553 ; *Honeyman v. Campbell*, 2 Dow. & C., N. S., 265 ; *Cole v. Cottingham*, 8 C. & P., 75 ; *Hickey v. Campion*, 20 Weekly R., 752 ; *Wilcox v. Godfry*, 26 L. T. N. S., 328, 481 ; *Watkins v. Davis*, Weekly Notes, 1872, 146 ; *Ryan v. Cleary*, 5 Irish L. T. R., 178 ; *Southard v. Rexford*, 6 Cow., 254 ; *McKee v. Nelson*, 4 id., 355 ; *Wells v. Padgett*, 8 Barb., 323 ; *Hotchkins v. Hodge*, 38 id., 117 ; *Hubbard v. Bonesteel*, 16 id., 360 ; *Willard v. Stone*, 7 Cow., 22 ; 2 Pars. on Con., 5th ed., 62 ; *Kniffen v. McConnell*, 30 N. Y., 285 ; *Hoitt v. Moulton*, 21 N. H., 586 ; *Perkins v. Hersey*, 1 R. I., 493 ; *Wightman v. Coates*, 15 Mass., 1, decided in 1818 ; *Ray v. Smith*, 9 Gray, 141 ; *Russel v. Cowles*, 15 id., 582 ; *Munson v. Hastings*, 12 Vt., 346 ; *Waters v. Bristol*, 26 Conn., 398 ; *Coil v. Wallace*, 24 N. J. L. R., 291 ; *Wetmore v. Mell*, 1 Ohio St., 26 ; *Greenup v. Stoker*, 8 Ill., 202 ; *Burnett v. Simpkins*, 24 id., 264 ; *Prescott v. Guiler*, 32 id., 312 ; *Thurston v. Cavenor*, 8 Iowa, 155 ; *Tefft v. Marsh*, 1 West Va., 38 ; *Morgan v. Yarborough*, 5 La. An., 316, (1850.) They cited and commented on *Boynton v. Kellogg*, 3 Mass., 189 ; *Johnson v. Caulkins*, 1 Johns. Cas., 116.

As to the refusal of the sixth instruction, asked by defendant and refused, that his allegations of unchaste character should not be considered in aggravation of damages unless the jury found that he made the charges in bad faith, knowing them to be false, counsel argued that it was the *charging* and *failing to prove* which aggravates the damages.  *Simpson v. Black*, 27 Wis., 206 ; *Southard v. Rexford*, 6 Cow., 261 ; *Kniffen v. McConnell*, 30 N. Y., 292.

Lyon, J.   This is an appeal by the defendant from a judgment recovered by the plaintiff in an action brought by her for the breach, by the defendant, of an alleged contract of marriage between the parties.   The exceptions to the rulings of the court, taken by the defendant during the progress of the

trial, are very numerous. But few of them were urged on the argument as grounds for reversing the judgment, and even those so urged have not all been considered. Want of time, occasioned by a great pressure of other official duties, has compelled us to confine our deliberations to a few of the more important questions raised by the exceptions.

I. It is averred in the answer, by way of defense or mitigation of damages, or both, that the plaintiff is a woman of unchaste character, that before the alleged promise of marriage she had been guilty of lewd and lascivious practices with several men — naming them and giving places and dates, — and had, at a certain place and during a certain year, miscarried ; of all which, the defendant, at the time of the said supposed promises, was wholly ignorant. Testimony bearing upon some of these charges was given at the trial, while others of them seem to be entirely unsustained by proofs. The following instruction was asked on behalf of the defendant and refused by the court: " If the jury shall find that any of the specific allegations in the defendant's answer are not sustained by the proof, it shall not be considered in aggravation of damages which they may find for the plaintiff, unless they shall first find from the evidence that he made said charges in bad faith, and knowing them to be false." The learned circuit judge commented to the jury on the proposed instruction, as follows : " I do not understand the law so to be. I do not think that in an action of this character a defendant can be permitted to make such charges as have been made by the defendant against the plaintiff in this case, with impunity, unless they are sustained by the proof. They are serious charges, and if the defendant has failed to prove them, this failure aggravates the damages ; and if you find from the evidence that these charges are not sustained by the proof, this failure may properly be considered by you in aggravation or enhancement of the plaintiff's damages."

We entertain no doubt that the rule of damages was stated

too broadly by the learned circuit judge. We undertand the true rule is, that if the charges of immorality made against the plaintiff in the answer are false and were made in bad faith, they may be considered by the jury in aggravation of damages, but not otherwise. It is not alone sufficient that the the charges are not proved, or that they are false in fact. Before they can become a basis of enhanced damages, the jury must be satisfied that they were made dishonestly or in bad faith. The rule was thus settled in this state, in the case of *Simpson v. Black*, 27 Wis., 206, and is approved by Mr. Sedgwick in his valuable treatise on the Measure of Damages (6th ed.), p. 456, n. 2.

If the defendant knew that the charges were false when he put in his answer, of course they were made in bad faith. So if they were false in fact, and he had no sufficient reason to believe that they were true, bad faith on his part may reasonably be inferred.

The instruction asked on behalf of the defendant and refused, is to the effect that the charges cannot be considered in aggravation of damages unless the defendant made them in bad faith, *and knew them to be false*. This is objectionable in that it ignores the fact that they may have been made in bad faith although the defendant did not know that they were false. The proposed instruction was, therefore, properly refused for that reason. But the instruction actually given was equally objectionable because it made the falsity or truth of the charges the sole test as to whether they might or might not be considered by the jury in aggravation of damages, and entirely ignored the element of good faith.

This error may have materially affected the verdict, adversely to the defendant. We cannot say from the record that it did not. Hence it is an error which necessarily works a reversal of the judgment.

II. The answers of the defendant (consisting of the original and two amended answers) and an affidavit made by him dur-

ing the progress of the cause, for the purpose of obtaining a continuance, were read in evidence on behalf of the plaintiff, under objection. Such affidavit contains some charges of immorality against the plaintiff not contained in the answers.

We have already seen that the charges in the answer, if false and dishonestly made, may be considered by the jury in aggravation of damages. But we have seen no case which extends this rule beyond the answer. The rule is anomalous when applied to an action *ex contractu*, and it is difficult to sustain such an application of it on principle. We think it should not be extended, and that it was error to permit the affidavit to be read in evidence. These remarks apply also to the original and first amended answer. The only pleading which can properly be used for the purpose of enhancing damages, is the second amended answer, upon which alone the defense to the action rests.

It may further be observed that the reading in evidence of the answer was entirely unnecessary. The pleadings which make up the issue to be tried are always before the court and jury for all legitimate purposes, and it is awkward practice formally to put them in evidence.

III. The plaintiff was permitted, under objection, to introduce considerable testimony tending to disprove certain of the charges contained in the two amended answers and in the affidavit for a continuance, concerning which no testimony had been offered by the defendant. This was error. Until some proof was introduced by the defendant to sustain such charges, they stood disproved by the presumption of innocence, and no testimony to disprove them was necessary or admissible.

IV. The plaintiff testified that after the defendant promised to marry her, she accorded to him the privileges of a husband by submitting to his embraces. This testimony was duly objected to on the ground that the complaint contains no corresponding averments. The court overruled the objection, and instructed the jury that if the defendant seduced the plaintiff

under promise of marriage, and if the charges against her were not proved, such seduction might properly be considered as enhancing the damages, and they would be justified in rendering a verdict for such liberal amount as, in their judgment, would be a fair compensation for mental suffering, injury to reputation and loss of virtue, thus sustained by the plaintiff.

The authorities seem to sustain the instruction as correct in the law, but we think the better practice is to require that the seduction should be alleged in the complaint before any evidence thereof (if duly objected to) is received. To this effect is the case of *Klopfer v. Bromme*, 26 Wis., 372.

Perhaps, also, the same rule would exclude proof that the defendant's promise of marriage was obtained fraudulently, if such proofs were objected to for the reason that the answer does not interpose that defense.

But it is quite unnecessary to enlarge upon these questions, inasmuch as the circuit court has full power to allow the pleadings to be amended to meet the exigencies of the case, and, on proper application, will doubtless exercise that power in furtherance of justice.

*By the Court.* — The judgment is reversed, and a *venire de novo* awarded.