Alberts vs. Albertz.

ALBERTS, Respondent, vs. ALBERTZ, Appellant.

*October 18 — November 5, 1890.*

*Breach of promise to marry: (1–3) Defenses: Miligation of damages: Concealment of previous engagement: Kinship: Abusive or immodest conduct. (4, 5) Aggravation of damages: Charge of unchastity: Bad faith: Instructions to jury.*

1. In an action for breach of promise to marry, the fact that at the time of the promise the plaintiff was engaged to another man, and fraudulently represented that she was not so engaged, is not a defense nor a matter in mitigation of damages, where the defendant continued his engagement to the plaintiff after learning of such previous engagement and its discontinuance.

2. Marriage between first cousins being sanctioned by the law in this state, such kinship of the parties is not a defense nor a matter in mitigation of damages in an action for breach of promise to marry.

3. In such action abusive conduct of the plaintiff towards defendant's mother and sister, and her lewd or immodest conduct with another man, are matters in mitigation of damages only.

4. In such action allegations of the answer that the plaintiff was unchaste or of bad character, though unsupported by any evidence, are not ground for aggravation of damages unless such charges were made by the defendant dishonestly or in bad faith.

5. The omission of this element of bad faith in an instruction to the jury in respect to the aggravation of damages by reason of such charges, is not cured by the fact that bad faith might be inferred from the falsity of the charges and from there being no sufficient reason for defendant to believe them to be true, nor by an instruction that if the defendant maliciously or wilfully broke the contract the jury might give exemplary damages.

APPEAL from the Circuit Court for *Waukesha* County.

Action to recover damages for the breach of a promise to marry. The facts will sufficiently appear from the opinion. There was a verdict in favor of the plaintiff, assessing her damages at $1,000; a motion for a new trial was denied; and from the judgment entered on the verdict the defendant appealed.

For the appellant there was a brief by *John A. Kelly* and *Parks & Robinson*, and oral argument by *Warham Parks*. *Harlow Pease*, for the respondent.

ORTON, J.   This action is for breach of a promise of marriage.   The defendant in his answer alleges, in substance: (1) That the plaintiff was engaged to be married to one August Gendrick before and after his pretended promise, and that she fraudulently represented to him that she was not so engaged to the said Gendrick or to any one else; that he made such promise, relying upon said false representation, and was ignorant of said engagement, and as soon as he became aware of it he refused to marry her. (2) That at the time of said promise she was unchaste and her general reputation for chastity was bad, and that he was unaware of it.   (3) That, upon information and belief, the plaintiff was engaged to be married to one Arthur Block; and that at and after said time she was guilty of unchaste, immodest, and lewd conduct with one Ernest Becker, which was unknown to him at said time.   (4) That immediately after said pretended promise, the plaintiff, at the house of the defendant where his mother and sister (who were interested in the property) lived with him, commenced to abuse, scold, and threaten his said mother and sister, and to use vile, obscene, and grossly insulting language towards them, and to threaten and tell them that she would be boss and turn them out of the house; and that he was compelled to drive her from his house.   On the trial the defendant asked leave of the court to amend his answer by adding to it the allegations that the plaintiff and defendant were first cousins,— the father of the defendant and the mother of the plaintiff being brother and sister; and that the father of the defendant and the father of the plaintiff were cousins; and that the defendant has an insane brother and sister; and that the plaintiff has an insane sister.   This was refused.

Alberts vs. Albertz.

The learned counsel of the appellant contended on the trial that the matters of the answer, if not in justification of his refusal to marry the respondent, ought to mitigate the damages, and that the matters of the proposed amendment would make such marriage, if not void, wrong and against public policy.

The appellant introduced testimony tending to prove the previous engagement to be married to said Gendrick, and at least the *immodest* conduct of the plaintiff with said Becker, and her abusive conduct towards the mother and sister of the defendant. But it appears to have been shown on the trial that the defendant continued his engagement to the plaintiff after he had knowledge of her previous engagement to the said Gendrick and the discontinuance of it.

In respect to the kinship of the parties, it was no impediment to their lawful marriage, and the defendant having known it as well before as after his promise to the plaintiff, it was no mitigation or excuse for his refusal to marry her. A marriage that the law sanctions cannot be against public policy in a legal sense or so as to affect the contract, and its performance cannot be excused or mitigated on that ground. Aside from the parties themselves, the consequences of such a marriage are to be considered only by the legislature in fixing the degrees of consanguinity in which persons may not marry. The defendant waived the objection if there was any, and made the promise, and so is without excuse on that ground.

The learned circuit court instructed the jury that they might take into consideration the abusive conduct of the plaintiff towards the defendant's mother and sister, and her lewd and immodest conduct with the said Becker, in mitigation of her damages, if it had been proved. These instructions gave the defendant all the advantage that there was lawfully in the matters of his answer. It was not error for the court to sustain the objection to the proof of-

fered by the defendant of the kinship of the parties, or to refuse leave for him to amend his answer in the particulars above stated.

The instructions of the court appear to have been fair and correct in all particulars except one, and in that particular the error is too serious to be disregarded, and must reverse the judgment. The court said: "It is set up in the answer, as one of the excuses for the violation of the contract by the defendant, that this plaintiff was unchaste, of bad character or reputation. In that respect no proof has been offered upon that subject, and, the allegations having been made in the answer and put upon the records of the court, you may take that into consideration as aggravating the damages in the case. In other words, when we say 'aggravating the damages,' you are to give more damages than you would if such allegations had not been put into the answer in the case." In all this, the only ground of aggravation of the damages is that these allegations were put in the answer and no proof of them was offered. This instruction is short of the rule in such cases in a very material and important particular, and that is, in the element of *dishonesty or bad faith.*

In *Simpson v. Black,* 27 Wis. 207, the instruction asked by the defendant was that if the jury merely found that the defendant *had failed to show* the fact of the plaintiff's unchaste conduct, this should *not* aggravate the damages. This instruction the court refused to give, and for this error the judgment was reversed. In *Leavitt v. Cutler,* 37 Wis. 46, the allegation in the answer was "that the plaintiff is a woman of unchaste character, and had been guilty of lewd and lascivious practices with several men," naming them. The defendant asked the court to instruct the jury, in effect, that, if they found that these allegations are not sustained by the proof, it shall not be considered in aggravation of damages unless they shall first find from the evidence that

the defendant made said charges in bad faith and knowing them to be false. This the court refused to give, but instructed the jury, after some comments, as follows: "These are serious charges, and, if the defendant has *failed to prove them*, this failure aggravates the damages; and, if you find from the evidence that these charges are not sustained by the proof, *this failure* may properly be considered by you in aggravation or enhancement of the plaintiff's damages." This court held that the instruction asked ought not to have been given, because it coupled the two clauses, "in bad faith" and "knew them to be false," when the allegations may have been made in bad faith although the defendant did not know that they were false, but held also that the instruction given was erroneous. Mr. Justice LYON says in the opinion: "It is not alone sufficient that the charges *are not proved*, or that they are false in fact. Before they can become a basis of enhanced damages, the jury must be satisfied that they were made *dishonestly* or *in bad faith*." This is precisely the case here. Very nearly the same charge is in the answer, and no proof had been offered on that subject. The jury were instructed that this was sufficient for enhanced damages. The cases cannot be distinguished. This error directly affected the amount of damages to be found by the jury, and is material and fatal to the judgment.

The learned counsel of the respondent contends that this omission of the element of bad faith or dishonesty was cured (1) by the remark of Mr. Justice LYON in the opinion in the last above case, that the bad faith might reasonably be inferred from the charges being false in fact, and from there being no sufficient reason for the defendant to believe them to be true; (2) by the subsequent instruction that, if the jury found that the defendant maliciously or wilfully broke the contract, the jury might give exemplary damages. As to the first, because bad faith might be so *inferred*, it did

not cure the omission of such an element from the instruction in that case, and it is immaterial how it might be proved or inferred. The jury must be instructed *to find it*, and they were not so instructed. In that consisted the error. As to the second, there is no possible connection between the instructions. They are distinct and independent propositions. The former is specific, relating to the charges in justification, and the latter is general, relating to the defendant's motive or intent in breaking the contract, and therefore the former is not included in the latter.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.

See note to this case in 10 L. R. A. 584.— REP.

