LUTHER, by guardian *ad litem,* Respondent, vs. SHAW, Appellant.

*April 11—May 1, 1914.*

*Breach of marriage promise: Evidence: Harmless errors: Aggravation of damages: Seduction: Attempt to blacken character: Exemplary damages: Excessive award.*

1. In an action for breach of promise of marriage the admission of evidence that defendant's father was president of a steel foundry company was not prejudicial error as inducing a verdict for larger damages than the jury would otherwise have given.

2. In such an action seduction under promise of marriage and also an attempt made at the trial, not in good faith or with any reasonable hope or expectation of establishing such fact, to show that plaintiff was a lewd woman or of immoral character, might properly be considered in aggravation of damages.

3. Exemplary damages may be allowed in such an action where there are circumstances of aggravation.

4. In an action for breach of promise of marriage, where seduction was shown and an attempt was made at the trial to besmirch plaintiff's character, an award of $3,000 compensatory damages and $500 punitory damages is *held* not to indicate perversity, passion, or prejudice on the part of the jury; and after reduction of the compensatory damages to $1,500 by the trial court the amount allowed is not excessive, although defendant was an artisan without property.

APPEAL from a judgment of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed.*

*Edgar L. Wood,* for the appellant.

For the respondent there was a brief by *Rubin & Zabel,* and oral argument by *W. C. Zabel.*

TIMLIN, J. In this action for breach of promise of marriage the jury assessed in favor of the plaintiff compensatory damages at $3,000 and punitory damages $500. The circuit court reduced the compensatory damages to $1,500.

Error is assigned in the admission of evidence, in the instructions to the jury, and in denying a motion for a new trial. The defendant was examined as an adverse witness, and, after stating that his father's business was a "steel foundry" called "the Milwaukee Steel Foundry Company," was asked: "Does he hold any position there?" Objection to this question as irrelevant and immaterial was overruled, and the defendant answered "President." It is argued that this was prejudicial as inducing a verdict for larger damages. We cannot think that ordinary, sensible jurymen are so easily influenced, nor can we undertake to reverse judgments for such trifling departures from absolute logic in the presentation of evidence. Respondent seeks to justify the admission of this evidence on the ground that it tended to show the social standing of the parties to this action and to the contract of marriage. It is evidence of the same general nature as that usually offered to show social standing, although such

inference from the quoted testimony seems rather strained. We prefer to overrule the assignment of error on the ground first above stated.

Error is next assigned on the following instructions: "1. . . . and if you so find [referring to the question of seduction], then this seduction may be taken by you in aggravation of damages." . . . This was substantially correct. "2. . . . if you find . . . that the defendant has attempted to prove that the plaintiff was a lewd or base woman, and was of immoral or bad character, and that he has failed to establish and prove the same by a preponderance of the evidence; and if you shall further find that such attempt was not made in good faith or was made without any reasonable hope or expectation of establishing such facts, then such charge and failure on the part of the defendant may be taken and considered by you in aggravation of the damages in this case." This instruction follows very closely the opinion of this court per Lyon, J., in *Leavitt v. Cutler,* 37 Wis. 46, commented upon in *Alberts v. Albertz,* 78 Wis. 72, 47 N. W. 95. It was given here with reference to the compensatory damages, although I think from the authorities referred to by Judge Lyon and the nature of the damages the learned justice had reference in *Leavitt v. Cutler, supra,* to exemplary damages. It may perhaps apply to either or both kinds of damages. That is not necessary to decide. Complaint is not made on this ground. In any case this instruction fairly leaves it to the jury to determine whether or not the attempt to besmirch the character of the plaintiff was made in good faith, and that, only in the event that they found it was not so made, or was made without any reasonable hope or expectation of establishing such facts, could the jury consider the evidence so offered "in aggravation of damages."

It is quite well settled that in breach of promise cases where there are circumstances of aggravation exemplary dam-

ages may be allowed.   3 Sutherland, Dam. (3d ed.) § 987 and cases, citing *Leavitt v. Cutler, supra;* 1 Sedgwick, Dam. (9th ed.) § 370.

The damages as reduced by the learned circuit court do not seem too large, nor are we convinced that an award of $3,000 damages in a breach of promise case aggravated by seduction of plaintiff indicates perversity, passion, or prejudice on the part of the jury.   True it is that the defendant is an artisan without property and that it required no long siege or consummate strategy to induce the plaintiff to surrender the citadel of virtue.   But we must consider that he was an iron molder and she a factory girl, hence each probably more practical than refined or sentimental, and that she had his promise of marriage and for this reason yielded, and that he was guilty of the perfidy of breaking such a promise, leaving her to bear the loss, suffering, and shame alone, and that he attempted in the defense of this case, in bad faith as found by the jury, to further blacken her reputation.   Under such circumstances we cannot say the damages, compensatory and punitory, carried by the judgment are excessive.

*By the Court.*—Judgment affirmed.