MID-CONTINENT REFRIGERATOR COMPANY, Respondent, v. STRAKA, d/b/a PLAIN PRODUCE and LOCKER, Appellant.

*No. 287. Argued June 3, 1970.—Decided July 1, 1970.*
(Also reported in 178 N. W. 2d 28.)

For the appellant there was a brief by *Hill, Miller, Quale & Hartmann* of Baraboo, and oral argument by *Forrest D. Hartmann.*

For the respondent there was a brief by *Cross, Langer & Krainik* of Baraboo, and oral argument by *Clyde C. Cross.*

BEILFUSS, J.   Three issues have been presented by the parties:

1.  Did the trial court err in not submitting a question in the verdict as to punitive damages?

2.  Did the trial court err in restricting the testimony of the defendant Straka as to the damages he sustained?

3.  Did the trial court abuse its discretion in refusing to award costs to plaintiff and in awarding them to the defendant?

The plaintiff, Mid-Continent, accepts the jury finding in the circuit court that its sales representative fraudulently represented to Straka that the display freezer he was leasing was an automatic defrosting unit which in fact it was not.  On that finding the defendant asserts he should have been allowed a special verdict question on punitive damages.  It is his claim that he was fraudulently and maliciously deceived by the plaintiff's misrepresentations in entering into the contract.  Straka argues his counterclaim on this matter stated a cause of action in tort and cites the following passage from Prosser, *Law of Torts* (hornbook series, 3d ed.), p. 705, sec. 100:

"Where the defense is set up by way of recoupment, or by way of affirmative counterclaim, it in no way operates in avoidance of the transaction, but seeks relief analogous to that afforded by a tort action of deceit, and therefore should be governed by the requirements of that action." [1]

There is no question that a proper fraud claim has been stated; the only issue is whether punitive damages should be recoverable on the defendant's tort claim.

[1] *See also: German Nat. Bank v. Princeton State Bank* (1906), 128 Wis. 60, 107 N. W. 454; 37 Am. Jur. 2d, *Fraud and Deceit,* p. 439, sec. 332.

In the very early case of *Barber v. Kilbourn* (1863), 16 Wis. 511 (*485), this court was presented with a sale of corporate stock in which the value of the corporate assets was fraudulently represented and punitive damages were sought. The *Barber Case* is the only occasion in which this court has considered the applicability of punitive damages to a claim for fraudulent inducement to enter a contract. It was determined in that case that the action was in part barred by the running of the statute of limitations, but the propriety of allowing punitive damages for false representation as an inducement to entering into a contract was seriously questioned. The court stated, at page 515 (*489):

"If the plaintiff was guilty of a suppression of the truth upon a matter material to the contract, and about which he was bound to make a full disclosure, and did this with intent to deceive and defraud, the defendant has a good defense to the note to the extent of the damage which he has sustained by the fraud. Whether the jury would be authorized in a case of this character to give vindictive damages over and above the actual damages sustained by the defendant, is a proposition about which I have considerable doubt. It is undoubtedly a well established principle of the common law, and one recognized by this court, that in a certain class of actions a jury may inflict what are called punitive or vindictive damages, by way of punishment of the defendant for his wanton and lawless conduct. This rule of damages is frequently acted on in actions of trespass to the person, slander, libel, crim. con., etc. But I doubt much its application to a case like this, even where it appears that the defendant has sustained something more than nominal damages by the false representation."

The only contract cases in which this court has allowed punitive damages for fraud in the inducement to contract or for breach of contract have been actions for breach of promise to marry. *Luther v. Shaw* (1914), 157 Wis. 231, 147 N. W. 17; *Leavitt v. Cutler* (1875), 37 Wis. 46; and *Simpson v. Black* (1870), 27 Wis. 206.

A governing principle of these cases in allowing punitive damages has been the presence of "circumstances of aggravation" in the tortious injury. *See Luther, supra,* page 233.

The general rule indicating the situations in which punitive damages will be allowed is stated in McCormick, *Damages* (hornbook series), p. 280, sec. 79:

"To subject a wrongdoer to liability for exemplary damages, it must be found that he acted with actual malice, ill will, or conscious disregard of consequences to others. Almost universally the decisions hold that mere 'implied malice,' which is attributed to any actionable conduct, does not suffice, nor does mere negligence."[2]

The very nature of punitive damages is that they are "awarded against a person to punish him for his outrageous conduct." 4 Restatement, *Torts,* p. 554, sec. 908. The goal to be achieved in that punishment was stated in *Kink v. Combs* (1965), 28 Wis. 2d 65, 81, 135 N. W. 2d 789:

"This court takes the position that punitive damages do serve as a deterrent. As we said recently in *Malco v. Midwest Aluminum Sales* (1961), 14 Wis. (2d) 57, 66, 109 N. W. (2d) 516:

" 'Punitive damage is given on the basis of punishment . . . to deter others from like conduct.'

"Referring to punitive damages, this court many years ago said:

" 'It tends to elevate the jury as a responsible instrument of government, discourages private reprisals, restrains the strong, influential, and unscrupulous, vindicates the right of the weak, and encourages recourse to and confidence in the courts of law by those wronged or oppressed by acts or practices not cognizable in or not sufficiently punished by the criminal law. The latter law must be uniform as to persons and acts, must fix a maximum and minimum punishment on this basis, and cannot always be adjusted to particular

[2] *See also:* 22 Am. Jur. 2d, *Damages,* p. 334, sec. 243; 25 C. J. S., *Damages,* p. 1125, sec. 119; and Annot. (1946), 165 A. L. R. 614, 615.

circumstances of atrocity which occasionally occur.'
*Luther v. Shaw* (1914), 157 Wis. 234, 238, 147 N. W. 18.
"Certainly the award of these damages should deter
similar conduct on the part of this defendant."

It has been the rule since punitive damages were first
allowed in Wisconsin that these damages would be
allowed only where the wrong was inflicted "under cir-
cumstances of aggravation, insult or cruelty, with
vindictiveness or malice." [3] A distinction between the in-
tent or malice necessary to maintain an action for an
intentional tort and that necessary to recover punitive
damages was delineated in *Meshane v. Second Street
Co.* (1928), 197 Wis. 382, 387, 222 N. W. 320:

"Any exact and precise definition of the technical term
in law of the 'malice' that must be shown in order that
there may be a basis for punitory damages in addition to
compensatory damages for a breach of some duty by
a defendant when such is the proper subject of an action
in tort, is hard to find and still harder to frame. It
is evident, however, from all the authorities that in any
particular case, not in and of itself a malicious action,
in order that punitory damages may be assessed some-
thing must be shown over and above the mere breach
of duty for which compensatory damages can be given.
That is, a showing of a bad intent deserving punishment,
or something in the nature of special ill will towards
the person injured, or a wanton, deliberate disregard
of the particular duty then being breached, or that which
resembles gross as distinguished from ordinary negli-
gence." [4]

When we subject the facts of this case to the require-
ments set forth above of finding vindictiveness or special
ill will or wanton deliberate disregard of duty toward
the defendant, Straka, we find it impossible to conclude
punitive damages could have been allowed. There is no
evidence of malice, vindictiveness nor wanton disregard.

[3] *See: McWilliams v. Bragg* (1854), 3 Wis. 377 (\*424), 383
(\*431).

[4] *See also:* The discussion in Ghiardi, Personal Injury Damages
in Wisconsin (1964), p. 9, sec. 2.02, *Exemplary or Punitive Dam-
ages.*

There is, of course, a dispute in the evidence regarding what the salesman represented to Straka about the freezer unit's defrosting capabilities, but no evidence of vindictiveness nor even sharp dealing on his part.

The trial court concluded the carbon copy of the grossly improper collection letter sent to the defendant by Mid-Continent was in no way probative of malice in the original transaction. Judge GOLLMAR stated:

". . . the court thinks the plaintiff moved very sharply in its collection practices. This is not too unusual and I don't think that it ties in in any way with the false representations relative to the type of machine that was to be involved here and I think it would be improper and prejudicial to go into punitive damages."

We agree the trial court was correct in concluding the letter was not related to the formation of the contract and should not be considered as a ground for punitive damages. Certainly it evidenced a reprehensible collection practice, but not malice in the false representation respecting the defrosting of the freezer. Since there was no evidence of vindictiveness, malice nor wanton disregard on the salesman's part the trial court did not err in refusing to submit punitive damage questions to the jury.

We do not hold that fraud or deceit in the inducement of a contract can never be the basis for an award of punitive damages. We do hold that the facts of this case in the inducement to enter the contract do not justify a finding of malice, vindictiveness or wanton disregard necessary to justify the imposition of punitive damages.

It should further be noted that the respondent correctly argues there is no evidence of ratification by the plaintiff-corporation of the acts of the salesman in representing the freezer to be automatically defrosting. In *Garcia v. Samson's, Inc.* (1960), 10 Wis. 2d 515, 103 N. W. 2d 565, this court reaffirmed a well-estab-

lished line of cases refusing punitive damages in tort against a corporate defendant without proof that the defendant authorized or ratified the alleged tortious act of its employee. There is no evidence in the record respecting the company's knowledge of the alleged representation that the freezer was an automatic defrosting unit.

Upon this appeal the defendant, Straka, contends the trial court committed reversible error in refusing to allow him to testify as to the value to him of the display freezer in question. By an offer of proof it appears Straka would have testified that the nonautomatic defrosting model was worth $500 less to him than an automatic defrosting model. The only other evidence in the record was that the difference in sale value of the two freezers was $90.

While our review of the record convinces us the evidentiary ruling of the trial court was correct, we deem it proper not to discuss it.

The defendant in his motions after verdict did not move for a new trial because of any alleged error in the admission or rejection of testimony (the only ground specified for a new trial was the failure to submit punitive damages).

In *Wells v. Dairyland Mut. Ins. Co.* (1957), 274 Wis. 505, 518, 80 N. W. 2d 380, this court said that matters not raised in a motion for new trial would not be entitled to review as a matter of right on appeal. This rule was specifically applied to alleged error in the exclusion of evidence in *Michalski v. Wagner* (1960), 9 Wis. 2d 22, 29, 100 N. W. 2d 354. We believe the *Wells* rule should be followed and review not extended to a matter over which the trial court could have considered in its decision upon a motion for a new trial but was not given the opportunity to do so.

The plaintiff-respondent, Mid-Continent, filed a motion to review that portion of the trial court's order for

judgment denying costs to the plaintiff and awarding statutory costs to the defendant. The governing statute in this matter is sec. 271.035 (2) and (3):

"(2) When the causes of action stated in the complaint and counterclaim and cross complaint arose out of the same transaction or occurrence, costs in favor of the successful party upon the complaint and counterclaim and cross complaint so arising shall be in the discretion of the court.

"(3) Costs recovered by opposing parties shall be offset."

In *Zimmerman v. Dornbrook* (1959), 6 Wis. 2d 567, 95 N. W. 2d 390, plaintiffs sued on a contract and defendant counterclaimed for claims arising out of the same contract. The issues under the complaint were settled in the course of trial and the jury found in defendant's favor on some, but not all, of the remaining counterclaim issues. Judgment was entered for the plaintiffs for a "net balance" figure. This court reversed the trial court's ruling, which was expressly premised upon the discretion which the trial judge concluded was extended to him by sec. 271.035, Stats., that costs should be offset. It concluded that plaintiffs were entitled to tax $200.74 costs on the complaint, and that the defendant was entitled to $15 costs and disbursements, as limited to the items recovered under the counterclaim. The matter was then remanded for the retaxation of costs only.

In the comment of the Advisory Committee on Pleading, Practice and Procedure, on sec. 271.035, Stats., set forth in 33 W. S. A., p. 440, "Interpretive Commentary," this specific example of the intended operation of this section in the precise situation here presented set forth:

" 'Example: A sues B and B counterclaims. These results are possible: (1) A and B recover on their respective claims; . . .

" 'Taxation of costs should be: Under (1) A taxes costs including the attorneys' fees. B taxes costs including the attorneys' fees. The difference between A's and

B's costs goes into the judgment in favor of whichever recovers most. . . .' "

It is our opinion the procedure followed in *Zimmerman, supra,* is inconsistent with the statutory grant of discretion to the trial court because that opinion implies that if both parties recovered on their claims as a matter of right costs should be allowed for each side. That inference is inconsistent with the plain language of sec. 271.035 (2), Stats., and is modified to indicate that costs are purely discretionary when both parties recover on their respective claims in one action. The trial court's order as to costs in this instance is not to be changed because there has not been a sufficient showing of an abuse of discretion.

*By the Court.*—Judgment affirmed. Respondent to tax only one half its appeal costs. (Appellant to tax no costs on appeal.)