Edward OWENS, d/b/a Edward Owens
Transportation, Plaintiff-Respondent,

v.

MEYER SALES COMPANY, INC., Defendant-
Appellant.

Court of Appeals

No. 85–0115. Submitted on briefs December 9, 1985.—
Decided February 25, 1986.
(Also reported in 385 N.W.2d 234.)

For the appellant there was a brief by *John F. Wilcox* and *Wilcox & Wilcox* of Eau Claire.

For the respondent there was a brief by *James T. Remington* and *Remington Law Offices* of New Richmond.

Before Cane, P.J., Dean and LaRocque, JJ.

LaROCQUE, J.   Meyer Sales Company, Inc., appeals those parts of a judgment awarding Edward Owens punitive damages and the interest he paid on a bank loan made to purchase a truck. Owens' claims were based on breach of warranty and misrepresentation.[1] Because interest paid on borrowed money is compensable as incidental damages for breach of warranty and because credible evidence sustains a finding that Meyer's misrepresentation was wanton and reckless conduct, we affirm.

---

[1] No question is raised concerning the propriety of pleading and proving both a breach of contract and a tort arising out of the same facts. We therefore do not address the issue. *See* Restatement (Second) of Contracts § 355 comment b (1981); W. Prosser, Handbook of the Law of Torts § 92, at 621 (4th ed. 1971).

The jury found that Meyer Sales breached three express warranties[2] and made an untrue representation of fact. Owens, a self-employed trucker, purchased what was represented to be a "1978 IHC Model COF4070" vehicle with "125,000 miles" in "good condition." When serious performance problems led Owens to have the vehicle inspected, he learned to his surprise that he had purchased a "glider kit." A glider kit is industry jargon for a chassis sold by the manufacturer without the engine, transmission, and other power components of a vehicle. Those items are later added by a dealer from older parts.

Witnesses estimated the components in this truck were manufactured circa 1971–73 with between 500,000 to 700,000 miles of use. Witnesses also described the ease with which an inspection should identify a glider kit. Fred Meyer, president and owner of Meyer Sales, is a University of Wisconsin graduate with a degree in business and has over thirty years experience in various facets of the trucking business.

Owens paid $23,950 for the truck, and one of his experts appraised its worth from $14,000 to $16,000. The jury's compensatory damage award of $8,000 is not challenged.

## INCIDENTAL DAMAGES

■■■Incidental damages resulting from a seller's breach include any reasonable expense incident to the breach. Section 402.715(1), Stats. Here, the jury awarded $6,055 as incidental damages, $4,800 of which

[2] Section 402.313, Stats.

apparently represented interest Owens had paid on loans used to buy the truck. We conclude, as have several other states, that interest charges paid by a buyer are proper incidental damages resulting from a breach of warranty. *See Metropolitan Transfer Station, Inc. v. Design Structures, Inc.,* 328 N.W.2d 532, 536 (Iowa Ct. App. 1982); *Schatz Distributing Co. v. Olivetti Corp.,* 647 P.2d 820, 826 (Kan. Ct. App. 1982).

Meyer characterizes the $4,800 awarded as "prejudgment interest" and, citing *Jones v. Jenkins,* 88 Wis.2d 712, 726, 277 N.W.2d 815, 821 (1979), argues that a debtor need not pay prejudgment interest unless there is a reasonably certain standard of measurement by which he can ascertain the amount owed. *Jenkins* is inapposite. Whether Owens could alternatively have made a claim for prejudgment interest is irrelevant since he is entitled to the interest as incidental damages.

## PUNITIVE DAMAGES

The jury verdict finding $1,000 punitive damages is sustained by credible evidence. *Fehring v. Republic Insurance Co.,* 118 Wis.2d 299, 305–06, 347 N.W.2d 595, 598 (1984). Punitive damages rest on allegations that, if proved, demonstrate conduct on the part of the wrongdoer that has been variously characterized as malicious, willful or wanton and in reckless disregard of another's rights. *Wangen v. Ford Motor Co.,* 97 Wis.2d 260, 267, 294 N.W.2d 437, 442 (1980). Owens' expert testified that his general visual inspection of the vehicle immediately revealed suspicions of a glider kit. A long list of discrepancies made it readily apparent

to him that something was amiss. For instance, the wheel base was up to seventy-four inches too long for a conventionally manufactured truck. Also, the absence of a Cummins engine, the size of the rear axles, the type of brakes, and the age of the other power components were all inconsistent with a factory built 1978 IHC Model COF407 truck. The witness' visual observations were easily verified by a standard written checklist from his company's parts department. Based on this evidence, the jury was justified in finding that Meyer's failure to observe and disclose the same discrepancies was a wanton, deliberate disregard of his duty.

Meyers' reliance on *Mid-Continent Refrigerator Co. v. Straka,* 47 Wis.2d 739, 178 N.W.2d 28 (1970), is misplaced. *Mid-Continent* merely sustained a denial of punitive damages absent supportive evidence.

*By the Court.*—Judgment affirmed.