## KLOPFER vs. BROMME.

SEDUCTION AND LOSS OF SERVICES.—DAMAGES.—EVIDENCE : (1.) *The fact that defendant procured an abortion upon the seduced female, may be shown; but* (2.) *should be alleged.* (3.) *Damages. Defendant's liability to criminal prosecution not to be considered in mitigation.* (4.) *Arts of seduction may be shown.*

1. In an action for seduction of plaintiff's daughter, and consequent loss of her services, proof that defendant procured an abortion upon her is not inadmissible on the ground that the resulting damages were too remote.
2. Perhaps an objection on the ground that the procurement of such abortion was not specially alleged in aggravation of damages, would have been good, if taken; but in that case, an amendment should have been allowed, so as to let in the evidence.
3. In such an action, defendant's liability to a criminal prosecution for seduction and for procuring an abortion, are not to be considered by the jury in mitigation of exemplary damages.
4. The arts employed by the defendant to accomplish the seduction may properly be shown in such an action,

ERROR to the Circuit Court for *Fond du Lac* County.

The action below was brought by *George Bromme* against *Charles Klopfer*, for wickedly and maliciously debauching, and carnally and criminally knowing, a daughter of the plaintiff, without said plaintiff's consent, privity or knowledge; by reason whereof, it is alleged, the daughter became pregnant and sick, and plaintiff was deprived of her services during and after the period of pregnancy, and was obliged to expend fifty dollars in nursing and taking care of her, and was otherwise greatly injured, to his damage $3,000. Answer, a general denial. On the trial, plaintiff was permitted to show the representations by which defendant induced his daughter to consent to the intercourse, one of which was that defendant would marry her " if he could get rid of his wife ;" and an objection on the ground that no seduction was alleged, was overruled. The defendant then admitted the carnal intercourse. Afterwards the plantiff was permitted to show that an abortion was procured upon the daughter, under the direction, advice and assistance of the defendant; the defendant objecting to the evidence, on the ground that the damages were too remote. The court charged the jury that " in actions like the present, the jury may always, in its discretion, give exemplary damages ;" and it refused further to charge them, as requested by the defendant, that in fixing the amount of exemplary damages they might take into consideration, either, first, that the girl is entitled to recover, in a separate action, damages for her personal wrongs, if the defendant seduced her under promise of marriage; or, secondly, " that if defendant seduced her under promise of marriage, he is still liable to a criminal indictment for the offense ;" or, thirdly, " that if he procured the abortion alleged, he is liable to an indictment for that offense."

Verdict and judgment for the plaintiff, for $1,425 damages; and *Klopfer* sued out his writ of error.

*F. F. Wilde* (with *E. S. Bragg*, of counsel), for plaintiff in error:

1. While the jury have the right, in the exercise of a sound discretion, to give damages "for punishment and example's sake," it is submitted that they may also, in the exercise of that discretion, in fixing the amount of punitive damages, take into consideration the other punishments imposed by law. In this case the girl testified to seduction under promise of marriage, in aggravation of the father's damages; and the jury were not allowed to consider that she, the real party injured, could recover for precisely the same thing in another form of action. Neither were they allowed to consider defendant's liability to criminal punishment. 2. The gist of the present action is loss of service by reason of seduction. The procurement of an abortion is an entirely separate and distinct cause of action, as for an assault *per quod*, etc. This cause of action still remains, and the judgment here in question is no bar to it, nor can it be given in mitigation of damages. The evidence as to that cause of action should therefore have been rejected. *Carpenter v. Shelden*, 5 Sandf. 77, 97. At all events, the damages from the abortion procured are not the natural and necessary result of the seduction, and "unless special damages are alleged, the damages are confined to the direct, natural and necessary consequences of the act." *Bedell v. Powell*, 13 Barb. 183; *Birchard v. Booth*, 4 Wis. 74. In *White v. Nellis*, 31 N. Y. 405, proof of disease communicated *at the time of the seduction*, was admitted *on that ground*. And it cannot be said that the evidence was admissible to show by defendant's subsequent conduct his previous guilty intercourse, because that had been admitted.

*Coleman & Thorpe*, for defendant in error:

1. The damages sustained by reason of defendant's endeavoring to conceal the fruit of his wrongful act, are so directly connected with, and inseparable from, the wrongful act itself, that it is difficult to see how the plaintiff can recover without submitting all the facts to the jury. If defendant had communicated to the person seduced, a disease in consequence of which plaintiff had lost her services, he could recover therefor, although the disease was not the natural result of the debauchery. *White v. Nellis*, 31 N. Y. 405. All the complicated circumstances that follow the debauchery come in by way of aggravating the damages. *Hewit v. Prime*, 21 Wend. 78 ; *Davidson v. Goodall*, 18 N. H. 423 ; *Hendrickson v. Kingsbury*, 21 Iowa, 387. The evidence was also admissible as going to prove the fact of defendant's seducing and debauching, as alleged. Sedgw. on Dam. 639, and cases there cited ; 5 Denio, 367 ; 7 Wend. 793. 2. The court did not err in refusing the instructions asked. *Cook v. Ellis*, 6 Hill, 466 ; *Hendrickson v. Kingsbury*, 21 Iowa, 380, 391 ; *Cole v. Tucker*, 6 Texas, 266 ; *Chiles v. Drake*, 2 Met. (Ky.) 146.

COLE, J. On the trial of this cause, the plaintiff was permitted to give evidence, under objection, that an abortion was procured upon the person of his daughter, through the direction, advice and assistance of the defendant. The ground of objection to the admission of the testimony was, that there was no allegation of seduction in the complaint, and that the evidence tended to prove damages too remote This ground of objection was clearly untenable. The complaint stated a good cause of action for seducing the plaintiff's daughter and getting her with child, whereby loss of service had been sustained and expenses had been incurred by the plaintiff during her sickness. Nor did the evidence tend to prove damages too remote. The loss of service and expenses of the sick-

ness might have been very greatly increased in consequence of this abortion. So we think the evidence should not have been excluded for the objection taken to its admission. Perhaps if the evidence had been objected to on the ground that the complaint should have particularly set forth that an abortion was procured under the direction, advice and assistance of the defendant, in order to let in proof of that fact, the objection should have been sustained. There is surely reason for saying that such matters in aggravation of the damages ought to be stated in the complaint, so that the defendant may be apprised that they will be relied on for that purpose, and therefore may be prepared to meet them. Such wicked and wanton conduct on the part of the defendant would naturally arouse in the minds of the jury the strongest feelings of indignation, and powerfully contribute to increase the amount of the recovery. There is, consequently, much ground for holding that such matters, which are not the natural consequences of the seduction, should properly be specially stated in the complaint. But we are disposed to confine the defendant to the precise objection taken on the trial, since it would have been competent for the court, if the objection had been placed upon the other ground, to have allowed an amendment so as to render the evidence clearly admissible.

The court instructed the jury that, to entitle the plaintiff to recover, it must appear that the defendant seduced the daughter without the plaintiff's knowledge, consent or privity; that in consequence of the criminal intercourse, she became pregnant with child, and loss of service had resulted therefrom; and that the plaintiff had a legal right to her services at the time. Further, that in actions of this character it was in the discretion of the jury to allow and give exemplary damages. There would seem to be no objection to these instructions.

The defendant asked the court to instruct the jury, that in fixing the amount of exemplary damages, they might take into consideration that the girl was entitled to recover damages for her personal wrongs by reason of the seduction, if the defendant seduced her under the promise of marriage, and that the defendant was liable to be punished criminally for the seduction, and for procuring the alleged abortion. These instructions were refused, and very properly so, as we think.

In the first place, the girl well knew that the defendant was a married man, and consequently, could make no valid promise of marriage with her. She was not entitled to recover any damages for her personal wrongs by reason of the breach of such a promise. That the defendant might possibly be prosecuted criminally for the seduction, or for procuring the abortion, was not a matter which the jury were to consider for the purpose of reducing exemplary damages. In *Cook v. Ellis*, 6 Hill, 466, the court, in considering this question, says : "Nor are we prepared to concede that either a fine, an imprisonment, or both, should be received in evidence to mitigate damages." If a fine actually imposed, or imprisonment really endured, are not admissible in evidence to reduce exemplary damages in a civil action, it is obvious that the fact that a party is barely liable to punishment in this manner ought not to be considered by the jury for any such purpose. The case of *Cook v. Ellis*, which seems to have been well considered, shows very clearly that the fact of the defendant's being liable to be punished criminally was not a circumstance to go to the jury for the purpose of reducing exemplary damages. See, also, *Hendrickson v. Kingsbury*, 21 Iowa, 380. We think there are no errors in this record for which the judgment should be reversed.

*By the Court.*—The judgment of the circuit court is affirmed.

Klopfer vs. Bromme.

On a motion for a rehearing, the following opinion was afterwards filed:

COLE, J.  We are entirely clear that the fact of the defendant's aiding in procuring an abortion was a matter in aggravation of damages. It should properly have been stated in the complaint, for the reasons above given. But if the evidence had been objected to, because it was not set forth in the complaint, an amendment would have obviated the objection. It is argued that it was not a case for an amendment. Why not? It is said that it would have been a union of distinct and separate causes of action in one count. But suppose no such evidence had been offered on the trial, and nothing said about the defendant aiding in procuring an abortion, could the plaintiff have maintained an independent action for damages on that ground? It seems to us that he could not. All his claim for loss of service should be included in one action. The fact that the defendant aided and assisted in procuring an abortion only tended to enhance the plaintiff's damages. The evidence bearing upon that matter, therefore, showed the extent of the plaintiff's loss; the amount expended in consequence of sickness, for physician's bills, for nursing, etc., as well as the actual service lost by the parent, attendant upon the wrongful acts of the defendant. The means and arts employed by the defendant also, to accomplish his purpose, were properly proven. 13 Grattan, 573; 14 Pa. St. 282; 20 id. 354; 5 Denio, 367; 21 Wend. 79.

*By the Court.*—The motion for a rehearing is denied.