LUTHER, Respondent, vs. SHAW, Appellant.

*April 11—May 1, 1914.*

*Seduction: Action by parent: Exemplary damages: Recovery in action by female not a bar: Excessive award: Reduction: Instructions to jury.*

1. In an action for loss of services of plaintiff's daughter by reason of her seduction, recovery is based upon a wilful wrong and exemplary damages are recoverable.
2. The jury in such a case having been properly given broad discretion as to exemplary damages to assess a sum which they deemed just and proper and best calculated to be an example to

defendant and to others, the award, even though very large, cannot be held to show that the verdict was perverse and should not stand for any purpose.

3. Since exemplary damages rest upon vague and unmeasurable bases, the court should, and it does, exercise revisory power over such verdicts.

4. The fact that exemplary damages were recovered for the same wilful act in an action by the daughter for breach of promise of marriage, cannot be considered in bar or in mitigation of exemplary damages for the seduction in an action by the father for loss of the daughter's services.

5. An award of $1,500 (reduced by the trial court from $5,000) as exemplary damages in such an action by the father, where the amount allowed as compensatory damages was so small as to indicate that nothing was allowed under that head for wounded honor or sensibilities, is allowed to stand although, had the trial court not reduced the award, this court would have reduced it still more.

6. An instruction in such case that the jury might consider the financial condition of the defendant was not objectionable as carrying the meaning that he had property or prospects; and the fact that in assessing the damages the jury did not consider his lack of property did not constitute error.

APPEAL from a judgment of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed.*

*Edgar L. Wood,* for the appellant.

For the respondent there was a brief by *Rubin & Zabel,* and oral argument by *W. C. Zabel.*

TIMLIN, J.    This is an action by the father of Elsie Luther, plaintiff in the preceding case, to recover such damages as are at common law recoverable in an action nominally for loss of services of a daughter, caused by her seduction and consequent sickness, etc.    The jury returned a general verdict in favor of the plaintiff for $150 compensatory and $5,000 exemplary or punitory damages.    The court on motion reduced the punitory damages to $1,500.    The evidence was identical with that in the case of Elsie Luther against the same defendant.    The rulings upon evidence were similar, and the decision in that case disposes of all the

questions attempted to be raised by the defendant on this appeal except those relating to the amount of damages. The trial court instructed the jury with reference to the measure of damages as follows:

"If you find that the plaintiff in this action is entitled to recover damages, he is not only entitled to recover for the loss of his daughter's services and for the value of them, and for medical expenses of her illness which he incurred, but also for his wounded feelings and affections, his sense of shame, humiliation and disgrace for the wrong done him in his social and family relations, and for the stain and dishonor brought on the family, the dishonor of himself and family, and the example to his other children. . . . And if you believe that defendant's conduct and the public good require that you should assess against him by way of punishment, damages in addition to the actual loss plaintiff has sustained, then you will assess against him a sum for punitory damages as in your judgment you deem just and proper and best calculated to be an example to him and to those who may be inclined to commit like offenses. And in assessing such punitory damages, if any you deem proper to assess, you may take into consideration the financial condition of the defendant. . . . From the fact the court has instructed you you may assess punitory damages if you deem just and proper in this case, you should not infer that you must do so. Whether you shall do so or not, is left to your sound judgment under the instructions of the court and the evidence in the case."

The amount assessed for compensatory damages is so small as to indicate that the jury carefully computed plaintiff's pecuniary loss and allowed nothing under this head for wounded honor or sensibilities. The case was one in which exemplary or punitory damages were permissible. The amount fixed by the jury as punitory or exemplary damages is very large. It is first argued that this indicates bias on the part of the jury and that the verdict is therefore perverse and should not stand for any purpose, and second, that the exemplary damages even as reduced by the trial court are excessive. In actions of this kind recovery is based upon a

wilful wrong. The action is founded in tort, and the instant case carries the circumstances of aggravation necessary to justify exemplary damages, which are generally recoverable in such cases. *Lavery v. Crooke,* 52 Wis. 612, 9 N. W. 599; *Klopfer v. Bromme,* 26 Wis. 372; 4 Sutherland, Dam. (3d ed.) § 1283; 1 Sedgwick, Dam. (9th ed.) § 376.

Where the jury are properly given such broad discretion with reference to exemplary damages, as indicated by the quoted instructions, whereby they were told they might assess against the defendant a sum which they deemed just and proper and best calculated to be an example to him and to others, such jury are entitled to accept these instructions in good faith as meaning just what they say. How, then, can it be said their verdict is perverse? They disregarded no evidence and violated no instructions in fixing these exemplary damages. Their estimate of what would be sufficient as a punishment and a deterrent and an example was very high compared with the actual damages assessed, and high from any viewpoint. But it would hardly be candid to invite them, in the language of this instruction, to fix a sum which expressed their judgment in such matter and then charge them with bias or perversity because the measure of their abhorrence of defendant's conduct and their judgment of what would be a sufficient punishment and deterrent was represented by a larger sum of money than that which some other man or men would have allowed. There must always exist a great diversity of views upon such subjects. But because these exemplary damages rest upon such vague and unmeasurable bases the court should and it does exercise revisory power over such verdicts. *Rogers v. Henry,* 32 Wis. 327; *Templeton v. Graves,* 59 Wis. 95, 17 N. W. 672. It has been held, however, in a number of cases that the court will rarely interfere with the award of exemplary damages on the ground that such award is excessive. 4 Sutherland, Dam. (3d ed.) § 1217 and cases; *Bennett v. Beam,* 42 Mich.

346, 4 N. W. 8, and other cases cited in note 4, § 1281, p. 3753, 4 Sutherland, Dam.; *Morgan v. Ross,* 74 Mo. 318, and other cases cited in note 6, p. 3764, § 1283, Id.; *Hartpence v. Rogers,* 143 Mo. 623, 45 S. W. 650. This whole subject of exemplary or punitory damages has been heretofore a matter of much discussion which has now considerably abated. 5 Western Law Jour. 193, 289; 8 Wash. Law Rep. 49; 13 id. 652; 4 Wis. Legal News, 380; 3 Am. Law Jour. N. S. 537; 4 id. 61; 3 Kan. Law Jour. 369; 20 Am. Law Reg. N. S. 570; 32 id. 517. But this court long ago refused to overrule the cases adopting and establishing the rule of exemplary damages for this state. *Templeton v. Graves,* 59 Wis. 95, 17 N. W. 672; *Bass v. C. & N. W. R. Co.* 42 Wis. 654. From the doctrinaire viewpoint and assuming as premises that damages should never exceed compensation and that every mulct imposed as a punishment or deterrent should go into the public treasury, the award of such damages to the plaintiff in a private prosecution would seem to be illogical.

Speaking for myself only in this paragraph, I am inclined to admit that, assuming these premises, the lack of logic is quite apparent. But it is a commonplace observation that illogical systems of government often achieve better results than those which are strictly logical. The law giving exemplary damages is an outgrowth of the English love of liberty regulated by law. It tends to elevate the jury as a responsible instrument of government, discourages private reprisals, restrains the strong, influential, and unscrupulous, vindicates the right of the weak, and encourages recourse to and confidence in the courts of law by those wronged or oppressed by acts or practices not cognizable in or not sufficiently punished by the criminal law. The latter law must be uniform as to persons and acts, must fix a maximum and minimum punishment on this basis, and cannot always be adjusted to particular circumstances of atrocity which occasionally occur. The maximum penalty, together with compensatory damages for the wrongful taking of one little

ewe lamb, would be quite inadequate and unsatisfactory in the hypothetical case put by Nathan to David. If some American multimillionaire should emulate the antics of Lucius Veratius with reference to personal or property rights, justice might require some deterrent not found in the criminal-law penalties plus compensatory damages. The ordinary case of aggravated newspaper libel where the actual damages are small, or the case of malicious abuse of legal process, will supply more modern instances.

We do not think the fact, that for the same wrongful act whereby plaintiff's daughter also suffered the defendant had against him a verdict of $500 exemplary or punitory damages, can be considered in bar or in mitigation of exemplary or punitory damages in this case. It was ruled that the liability of the defendant to punishment by the state could not be considered in mitigation; and *a fortiori* it could not be considered in bar of exemplary damages. *Klopfer v. Bromme,* 26 Wis. 372. Where the defendant has already been punished criminally, exemplary damages might nevertheless be given in a civil suit. *Roberts v. Mason,* 10 Ohio St. 277; *Cole v. Tucker,* 6 Tex. 266; *Corwin v. Walton,* 18 Mo. 71; *Hoadley v. Watson,* 45 Vt. 289. It is not novel that the same act may constitute two offenses, as an offense against the state and an offense against the United States. *U. S. v. Marigold,* 9 How. 560; *Fox v. Ohio,* 5 How. 410.

It is well known that the same act may be punished as a violation of a city ordinance and again as a violation of the state law. So punitory damages may be given in a civil action, although the defendant may have been punished criminally for the same act. *Brown v. Swineford,* 44 Wis. 282. We have found no precedent holding that for the same act which constituted a wrong against two different persons the defendant may or that he may not be subject to exemplary damages at the suit of each, although cases like *Klopfer v. Bromme, supra,* and *Brown v. Swineford, supra,* furnish some analogy to show that he may be so liable. If

the point has ever been directly adjudicated we have been unable to find such adjudication. But there is a decided implication in the language of the adjudged cases and in the text of Sutherland on Damages to the effect that this may be done. Sutherland, Dam. (3d ed.) §§ 987, 1281, 1283, and 1216. In the case of a libel of several different persons by a single publication they must bring several actions, and it seems quite proper, where express malice is shown, that each should recover exemplary damages. Had the learned circuit judge not cut down this verdict for exemplary damages we would no doubt have reduced it considerably below the sum fixed by the circuit judge. But we have the judgment of the jury and the trial judge as to what is a proper amount for punishment, warning, and deterrent, and with some hesitation we will allow the damages to stand as fixed by the circuit judge.

It was further argued that the court erred in instructing the jury that they were permitted to consider the financial condition of defendant. The instruction is strictly correct, and taken literally it applies whether the defendant is of great or of little wealth. The former may be taken to increase and the latter to diminish the amount of punitory damages, although the punishment itself is equal. There was evidence tending to show that the defendant was a molder by trade and worked at his trade, but not that he had any property. It is argued that the jury must have understood this as meaning that he had property or prospects. We think not. If the instruction is literally correct, it is only reasonable to consider that the jury made application of it to the evidence before them. It related to something they were not obliged or required to consider, but that they were at liberty to consider if they saw fit. The result tends to show that they did not consider it. This constitutes no reversible error.

*By the Court.*—Judgment affirmed.