SCHANDELMEIER and another, Respondents, v. BROWN and wife, Appellants.

*January 5—January 30, 1968.*

For the appellants there were briefs by *Prosser, Zimmermann, Wiedabach, Koppa & Lane* of Milwaukee, and oral argument by *James W. Lane*.

For the respondents there was a brief by *Hanley, Wedemeyer & Cavanaugh* of Milwaukee, and oral argument by *Ted E. Wedemeyer*.

HALLOWS, C. J.   This is one of seven appeals out of 28 heard this assignment involving a motion for summary judgment.  Lately the court has noticed an increase in appeals from orders denying summary judgment and is concerned.  Perhaps the remedy of summary judgment is misunderstood as some kind of a short cut to avoid a trial and to obtain quick relief at the expense of a searching determination for the truth.  The remedy of summary judgment does not lend itself to many types of cases, especially those which are basically factual and depend to a large extent upon oral testimony.  Then, too, in a great number of cases the statute has not been complied with and affidavits have been made by attorneys and others who obviously do not have personal knowledge of the facts.  Frequently, the opposition does not take the motion seriously and the record before us is so sketchy that justice demands a denial of the motion.

Recently, in *Leszczynski v. Surges* (1966), 30 Wis. 2d 534, 141 N. W. 2d 261, we stated, at pages 537, 538:

"Perhaps no one section of the statutes has been the subject of so much litigation as sec. 270.635 on summary judgments.  In *McWhorter v. Employers Mut. Casualty Co.* (1965), 28 Wis. (2d) 275, 277, 137 N. W. (2d) 49, we stated:

" 'The rules governing summary judgments are well known and have been frequently stated and explained by this court.  Under the rule of *Hyland Hall & Co. v. Madison Gas & Electric Co.* (1960), 11 Wis. (2d) 238, 105

N. W. (2d) 305, and *Dottai v. Altenbach* (1963), 19 Wis. (2d) 373, 120 N. W. (2d) 41, we first examined the moving papers and documents to determine whether the moving party has made a *prima facie* case for summary judgment under sec. 270.635 (2), Stats., and if he has, we then examine the opposing party's affidavits and other proof to determine whether facts are shown which the court deems sufficient to entitle the opposing party to a trial. If the material facts are not in dispute and if the inferences which may reasonably be drawn from the facts are not doubtful and lead only to one conclusion, then only a matter of law is presented which should be decided upon the motion. *Voysey v. Labisky* (1960), 10 Wis. (2d) 274, 103 N. W. (2d) 9; *Rabinovitz v. Travelers Ins. Co.* (1960), 11 Wis. (2d) 545, 105 N. W. (2d) 807; *Bond v. Harrel* (1961), 13 Wis. (2d) 369, 108 N. W. (2d) 552.' "

Basically, the purpose of the remedy of summary judgment was to prevent sham pleadings and delay. It was not to take the place of a demurrer, motion for judgment on the pleadings, or of a trial. Many times we have said it is a drastic remedy and not a trial on affidavits. In fact, sec. 270.635, Stats., expressly provides the party opposing the motion need only show by affidavit or other proof facts which the court deems sufficient to entitle him to a trial. How facts in an affidavit generally prepared in the language of counsel and not tested by the searchlight of cross-examination can become something else at a trial is well illustrated in a case which was appealed to this court first upon a denial for summary judgment and later after a trial of the merits. See *Becker v. La Crosse* (1960), 9 Wis. 2d 540, 101 N. W. 2d 677; (1961), 13 Wis. 2d 542, 109 N. W. 2d 102.

The complaint in the instant case alleges Mrs. Schandelmeier was an invited guest, was unfamiliar with the defendants' home, and the rear hall thereof was defective. The home was entered from the rear through the garage and the rear hall is approximately three by four feet. Straight ahead as one enters, there are stairs leading to

the cellar, to the left is a kitchen door. Mrs. Schandelmeier claims she was invited into the house at dusk and proceeded with her arms full of items into the rear hallway seeking the kitchen door. It was dark and while searching for the light switch, she fell down the cellar stairs. The complaint alleged a duty upon the defendants to warn her of the defect in the hallway and to give her instructions. The answer denies the plaintiff was unfamiliar with the house, denies there was a defect in the construction or a failure to maintain the hallway or a failure to give a warning, and alleges no duty existed to warn the plaintiff of the basement stairs or to give instructions. The answer also alleges Mrs. Schandelmeier was contributorily negligent.

The motion on behalf of the defendants for summary judgment was supported by an affidavit of counsel which set forth excerpts of an adverse examination of Mrs. Schandelmeier. This is all the factual testimony there is. This is not the type of case which ought to be determined on excerpts of an adverse examination of the plaintiff. More evidence is required. Besides this insufficiency, the affidavit does not meet the call of sec. 270.635, Stats., which in this case requires a statement by the defendants that the action has no merit. Such affidavit cannot be made by counsel on behalf of his client, as was done here. *Fischer v. Mahlke* (1963), 18 Wis. 2d 429, 118 N. W. 2d 935.

If we were to accept this affidavit as sufficient, which we cannot, we would reach the plaintiff's sole supporting affidavit in opposition. This affidavit too was made by counsel but without any personal knowledge of the facts. This affidavit is insufficient to counteract the insufficient defendants' affidavit and contains conclusions of law, refers to the pleadings but does not offer any evidentiary facts. It does indicate, however, that a trial ought to be had. We think the trial court was correct in denying summary judgment and should be affirmed.

*By the Court.*—Order affirmed.