BALCOM, by guardian *ad litem,* and another, Respondents, v. ROYAL INSURANCE COMPANY and others, Appellants.

*No. 6. Argued October 1, 1968.—Decided October 29, 1968.*
(Also reported in 161 N. W. 2d 918.)

---

[3] *See Armstrong v. Industrial Comm., supra.*

For the appellants there were briefs by *Whyte, Hirschboeck, Minahan, Harding & Harland* and *Reginald W. Nelson,* all of Milwaukee, and oral argument by *Mr. Nelson.*

For the respondents there was a brief by *Karius, Kmiec & Kay* and *Marjan R. Kmiec,* attorneys, and *E. H. Snyder,* guardian *ad litem,* all of Milwaukee, and oral argument by *Marjan R. Kmiec.*

HEFFERNAN, J. The defendants on appeal ask this court to assume the truth of certain allegations in the complaint; however, an examination of their answer shows that they deny the truth of those same allegations.

In the introduction to their argument they ask the court to make the following assumptions: (1) That the defendant, State Sand & Gravel Company, was the owner of the truck involved in the accident; (2) that State Sand & Gravel's employee Hensiak was the driver of the truck and that the plaintiff, Robert Balcom, and his friend were within the range of Hensiak's vision while they were standing at the curb; and (3) that the driver Hensiak was negligent in not seeing these children. Appellants then contend that, although for the purposes of deciding this appeal these facts may be assumed to be true insofar as they are relevant to the defendants' motion for summary judgment:

"... that no such assumptions can be indulged in for the purposes of plaintiffs' motions; whether or not State Sand and Gravel Company owned the truck and whether or not Hensiak was driving the truck are questions of fact, as is the driver's opportunity to see these children standing at the curb between snow piles that were taller than the children."

This is indeed a novel proposition. The very basis of summary judgment practice contemplates that only when there is no factual dispute can a judgment be entered. We know of no authority which gives the appellants herein the right to assume that certain facts are true when the opposing party cannot make the same assumptions. Sec. 270.635 (3), Stats., provides:

"Upon motion by a defendant, if it shall appear to the court that the plaintiff is entitled to a summary judgment, it may be awarded to him even though he has not moved therefor."

It is obvious that it is the clear intention of the summary judgment statutes that if facts as revealed in affidavits are undisputed the same set of facts are to be applied in evaluating the legal status of both the cause of action and the defense. It is clear that no statutory authority exists for the defendants to assume one state of facts for themselves and deny that same state of facts to the opposing parties.

In a summary judgment action the only facts that will be considered by a court are those that are undisputed. It would do violence to the very purpose of the procedure to arrive at a hypothetical legal conclusion on the basis of facts which the pleadings show to be at issue.

In *Peterson v. Maul* (1966), 32 Wis. 2d 374, 376, 145 N. W. 2d 699, we stated that the material evidentiary facts must appear with certainty. It is obvious that the requisite certainty cannot be given to assumed facts when a search of the record reveals that the very party assuming those facts denies their truth.

This court has on numerous occasions expressed its concern over the abuse of the summary judgment procedure. In *Spoehr v. Mittelstadt* (1967), 34 Wis. 2d 653, 150 N. W. 2d 502, this court granted summary judgment on the basis of an assumed state of facts. We stated, however, at pages 663 and 664 that:

"The court . . . has grave doubts that summary judgment is a proper remedy. . . . We do not believe that summary judgment should be used to determine hypothetical questions based upon assumed facts."

In *Schandelmeier v. Brown* (1968), 37 Wis. 2d 656, 658, 659, 155 N. W. 2d 659, this court stated:

"Lately the court has noticed an increase in appeals from orders denying summary judgment and is concerned. Perhaps the remedy of summary judgment is misunderstood as some kind of a short cut to avoid a trial and to obtain quick relief at the expense of a searching determination for the truth. The remedy of summary judgment does not lend itself to many types of cases, especially those which are basically factual and depend to a large extent upon oral testimony. Then, too, in a great number of cases the statute has not been complied with and affidavits have been made by attorneys and others who obviously do not have personal knowledge of the facts. Frequently, the opposition does not take the motion seriously and the record before us is so sketchy that justice demands a denial of the motion.[1]

". . .

"Basically, the purpose of the remedy of summary judgment was to prevent sham pleadings and delay. It was not to take the place of a demurrer, motion for judgment on the pleadings, or of a trial. Many times we have said it is a drastic remedy and not a trial on affidavits. In fact, sec. 270.635, Stats., expressly provides the party opposing the motion need only show by

[1] Contrary to the admonitions of *Schandelmeier* and the clear requirements of sec. 270.635, Stats., the affidavit of "no merit" was executed by defendants' attorney. Plaintiffs' attorney committed the same procedural error by personally signing the affidavit of "no defense."

affidavit or other proof facts which the court deems sufficient to entitle him to a trial."

In subsequent cases this court has expressed a growing concern over the abuse of the summary judgment procedure. In *Frew v. Dupons Construction Co.* (1968), 37 Wis. 2d 676, 155 N. W. 2d 595, we affirmed an order denying a motion for summary judgment and stated that, ". . . advisory opinions dependent upon a resolution of factual disputes have no place in a decision on a motion for summary judgment." In the case of *Bank of Commerce v. Paine, Webber, Jackson & Curtis* (1968), 39 Wis. 2d 30, 158 N. W. 2d 350, we were asked to assume that the plaintiff was not a holder in due course. We concluded that, were we to decide the case on the basis of assumed facts which were unresolved, the opinion would be advisory. We stated at page 43, "We deem this to be a misuse of the summary judgment procedure."

In the instant case the defendants, contrary to their denials in the answer, wish us to assume that the driver, Hensiak, was negligent but to find that the negligence was not causal. However, under the assumptions that they make, they deny that this court, were it to find the negligence causal, could grant summary judgment for the plaintiffs. Accordingly, were we to pursue the reasoning advocated by the defendants and were we to find the negligence causal, we would nevertheless be obligated to return the case for trial. It is not inconceivable that a trial court could find that the defendant was not negligent as to lookout at all. In that event the trial decision would be predicated on facts contrary to those assumed by this court. Thus, what the defendants proposed is that we give an advisory opinion on facts that may or may not be true. They would give binding effect to our conclusion only if we decided in their favor. This we refuse to do as being contrary to well-accepted principles of judicial administration.

While the demurrer procedure permits pleading over when a defendant loses on demurrer, such a procedure is not permitted on summary judgment. We have frequently said that, ". . . summary judgment is a drastic remedy and should not be granted if any material facts are in dispute." *Peterson v. Maul, supra,* page 376. Certainly, facts cannot be assumed to be true for the purposes of the defendants' position and denied to be true if they support the plaintiffs' cause of action.

In *Bank of Commerce v. Paine, supra,* page 45, we stated:

"As a caveat we announce that henceforth this court will not, and trial courts should not, accommodate the improper use of a motion for summary judgment."

We deem that the defendants' rationale if followed would result in the giving of an advisory opinion and would constitute an abuse of the summary judgment procedure and, for that reason, the trial court's order denying their motion for summary judgment is affirmed. Since a motion for summary judgment searches the record (*Fuller v. General Accident Fire & Life Assur. Corp.* (1937), 224 Wis. 603, 611, 272 N. W. 839) and the pleadings clearly indicate that there is a factual dispute as to all material allegations of the complaint,[2] the trial court's order denying the plaintiffs' motion for summary judgment is also affirmed.

*By the Court.*—Orders affirmed.

---

[2] *Hanson v. Halverson* (1945), 247 Wis. 434, 19 N. W. 2d 882, and *Dottai v. Altenbach* (1963), 19 Wis. 2d 373, 375, 120 N. W. 2d 41, wherein we said:
"If the pleadings make a case for a trial of a material issue of fact . . . summary judgment will be denied unless it appears from the affidavits that different conclusions of essential ultimate facts cannot reasonably be drawn. [citing case] It is a rare case when summary judgment can be granted in an action grounded on negligence."