STATE of Wisconsin, Plaintiff-Respondent,

v.

Janet E. BRITZKE, Defendant-Appellant.

Court of Appeals

*No. 81–1490–CR. Submitted on briefs April 8, 1982.—*
*Decided August 24, 1982.*
(Also reported in 324 N.W.2d 289.)

676

For the defendant-appellant the cause was submitted on the briefs of *John E. Tradewell,* assistant state public defender.

For the plaintiff-respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general,

and *Stephen J. Nicks,* assistant attorney general and *Richard A. Victor,* assistant attorney general.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

GARTZKE, P.J. Following a jury trial, appellant was convicted of interfering with the legal custody of a child, contrary to sec. 946.71(2), Stats.[1] She appeals from the judgment of conviction and from the order refusing to vacate the judgment. The issues are whether the state established that another person had "legal custody" of appellant's children when she took them out of Wisconsin, and that she knew that "legal custody" had been transferred. We affirm.

It is undisputed that in February 1980 appellant's mother, Rosie Grasley, commenced an action in Circuit Court for Sauk County to obtain custody of appellant's minor children. Appellant appeared in person at the temporary custody hearing held May 8, 1980. May 14, 1980, the court awarded temporary custody to Mrs. Grasley during the pendency of the action. In September

---

[1] Section 946.71, Stats., provides in material part:

Except as provided under ch. 48, whoever intentionally does any of the following is guilty of a Class E felony:

. . . .

(2) Entices away or takes away any child under the age of 18 from the parent or other person having legal custody under an order or judgment in an action for divorce, legal separation, annulment, custody, paternity, guardianship or habeas corpus with intent to take the child out of the state for the purpose of depriving the parent or other person of the custody of the child without the consent of such parent or other person, unless the court which awarded custody has consented that the child be taken out of the state by the person who so takes the child. The fact that joint custody has been awarded to both parents by a court does not preclude a court from finding that one parent has committed a violation of this subsection.

. . . .

1980 appellant took her children to Florida without Mrs. Grasley's consent. Appellant was later charged with violating sec. 946.71(2), Stats.

A court may separate legal and physical custody of a child. *In Matter of K.H.,* 98 Wis. 2d 295, 298, 296 N.W. 2d 746, 747 (1980); *Termination of Parental Rights to Kegel,* 85 Wis. 2d 574, 577–78, 271 N.W.2d 114, 115–16 (1978). Appellant contends that absent proof that the order transferred legal rather than physical custody, the state failed to meet its burden of proof.

Although the custody action undoubtedly was brought under ch. 767, Stats.,[2] now entitled "Actions Affecting the Family,"[3] the record does not disclose the precise nature of the action in which the order was entered. To avoid making prohibited factual findings, *Wurtz v. Fleischman,* 97 Wis. 2d 100, 107 n. 3, 293 N.W.2d 155, 159 (1980), we approach the issue with no assumptions as to the statutory basis for the custody action. We determine, as a matter of law, whether custody under any

---

[2] An action for custody is an "action affecting marriage" under sec. 247.02(1)(e), Stats. 1977 (renumbered sec. 767.02(1)(e), Stats., by sec. 50, ch. 32, Laws of 1979). A grandparent has standing to bring a custody action under ch. 767. *See LaChapell v. Mawhinney,* 66 Wis. 2d 679, 680–81, 225 N.W.2d 501, 502 (1975) (grandparents served father with order to show cause why custody of minor children should not be placed with them). The title of the custody action commenced by Mrs. Grasley conforms to that of a ch. 767 custody action as provided by sec. 767.05(5). It does not conform to the title of a ch. 48, Stats., action, as provided in sec. 48.255. Finally, appellant was charged under sec. 946.71(2), Stats., which concerns orders entered under ch. 767. She was not charged under sec. 946.71(1), which concerns orders entered under ch. 48. Appellant has never disputed that she was properly charged.

[3] The title of ch. 767, Stats., was amended to "Actions Affecting the Family" from its former title, "Actions Affecting Marriage," by sec. 19, ch. 352, Laws of 1979, effective July 1, 1981.

order of a court constitutes "legal custody" within the meaning of sec. 946.71(2), Stats. We conclude that it does.

We undertake statutory construction only if the wording of the statute is ambiguous. *State ex rel. Milwaukee County v. WCCJ,* 73 Wis. 2d 237, 241, 243 N.W.2d 485, 487 (1976). Ambiguity exists when well-informed individuals could understand the statute in two or more different senses. *Hurst v. State,* 72 Wis. 2d 188, 195, 240 N.W.2d 392, 397 (1976). A statute may also be rendered ambiguous by its relation to other statutes. *State v. White,* 97 Wis. 2d 193, 198, 295 N.W.2d 346, 348 (1980).

As appellant points out, ch. 48, Stats., distinguishes "legal custody" from "physical custody."[4] Section 946.-71(2), Stats., does not indicate on its face whether the "legal custody" to which it refers means the same as "legal custody" in sec. 48.02(12). Consequently, the meaning of "legal custody" in sec. 946.71(2) is ambiguous and requires statutory construction.

Statutory construction is a question of law and is subject to our independent review. *Wis. Bingo Supply & Equipment Co. v. Bingo Control Board,* 88 Wis. 2d 293, 308, 276 N.W.2d 716, 723 (1979). Criminal statutes are

---

[4] Section 48.02(12), Stats., provides:

"Legal custody" means a legal status created by the order of a court, which confers the right and duty to protect, train and discipline the child, and to provide food, shelter, legal services, education and ordinary medical and dental care, subject to the rights, duties and responsibilities of the guardian of the child and subject to any existing parental rights and responsibilities and the provisions of any court order.

Section 48.02(14) defines physical custody as "actual custody of the person in the absence of a court order granting legal custody to the physical custodian."

strictly construed, but not so as to defeat the legislature's intent. *State v. Tollefson,* 85 Wis. 2d 162, 170, 270 N.W. 2d 201, 205 (1978). The statute should be construed to reach a common sense meaning and to avoid unreasonable and absurd results. *Kania v. Airborne Freight Corp.,* 99 Wis. 2d 746, 766, 300 N.W.2d 63, 71 (1981). We may look to legislative history for guidance. *Vandervelde v. Green Lake,* 72 Wis. 2d 210, 214, 240 N.W.2d 399, 402 (1976).

The term "legal custody" first appeared in sec. 946.-71(2), Stats., in 1955 and was first defined in the Children's Code that same year. Sec. 1, ch. 696, Laws of 1955; sec. 7, ch. 575, Laws of 1955. The Children's Code defined "legal custody" as "the right to the care, custody and control of a child and the duty to provide food, clothing, shelter, ordinary medical care, education and discipline for a child." Sec. 48.02(10), Stats. 1955. Physical custody was not separately defined. Although the definition of "legal custody" in the Children's Code was modified to its present form by sec. 5, ch. 354, Laws of 1977, sec. 946.71(2) has not been materially amended since 1955.[5]

"Statutes dealing with the same subject matter must be construed together and harmonized if possible." *State v. Campbell,* 102 Wis. 2d 243, 252, 306 N.W.2d 272, 276 (Ct. App. 1981). Employing that principle, we conclude

---

[5] None of the three amendments to the langauge of sec. 946.71 (2), Stats., is material to this appeal. *See* sec. 47, ch. 196, Laws of 1979 (adding sentence "[t]he fact that joint custody has been awarded to both parents by a court does not preclude a court from finding that one parent has committed a violation of this subsection" to the statute); sec. 1, ch. 161, Laws of 1977 (making section applicable to custody orders entered in actions for "custody, paternity, [and] guardianship"); and sec. 31, ch. 226, Laws of 1967 (making section applicable to custody orders entered in actions for legal separation).

that the legislature intended "legal custody" to have the same meaning in 1955 for both the purposes of ch. 48, Stats., and as it then existed in the criminal statute. The definition of legal custody in sec. 48.02(10), Stats., 1955, as evidenced by the words "care, custody and control," indicates that legal custody included physical custody. Because sec. 946.71(2), Stats., has not been materially amended since 1955, we hold that "legal custody," as used in sec. 946.71(2), includes physical custody.

The elements of the crime created by sec. 946.71(2), Stats., include enticing or taking away a child from a person having legal custody under an order or judgment. If "legal custody" in sec. 946.71(2) did not include physical custody, it would be impossible to entice or take away a child from a party who had legal custody but not physical custody of the child. Accordingly, the only reasonable and common sense interpretation of "legal custody under a order" in sec. 946.71(2) is that legal custody is lawful custody under any court order in one of the specified types of actions.[6]

Appellant asks us to assume that the custody order could have been intended to vest physical custody in Mrs. Grasley and legal custody in appellant. The assumption is unavailing. The purpose of sec. 946.71(2), Stats., is to prevent persons from interfering with the custody of a child granted to another person by a lawful order in one of the specified types of actions. Even if Mrs. Grasley had only physical custody under that order, that custody was legal custody for purposes of sec. 946.71(2).

Appellant's second contention is that the state failed to prove beyond a reasonable doubt that she knew legal

---

[6] Appellant does not contend on appeal that the custody order was not entered in one of the actions specified in sec. 946.71(2), Stats. Nor does appellant attack the validity of the order.

custody had been transferred by the temporary order. Appellant contends that absent such evidence the state could not prove intent as required by sec. 946.71(2), Stats. She argues that her conduct has not been shown to be intentional, as defined by sec. 939.23(3), Stats.,[7] without proof that she knew legal custody had been transferred to her mother.

"An honest error, whether of fact or of law *other than criminal law*, is a defense if it negatives the existence of a state of mind essential to the crime." Sec. 939.43(1), Stats. (emphasis added). Appellant concedes she knew the court order existed but asserts she did not know that the order granted "legal custody" to Mrs. Grasley. Failure to know that one's conduct is criminally punishable is not a defense. *State v. Collova*, 79 Wis. 2d 473, 488, 255 N.W.2d 581, 588 (1977). To meet its burden of proving intent, the state has only to prove knowledge of the court order, not knowledge of its effect.

We conclude that the judgment and order must be affirmed.

*By the Court.*—Judgment and order affirmed.

[7] Section 939.23(3), Stats., provides in material part:

"Intentionally" means that the actor either has a purpose to do the thing or cause the result specified or believes that his act, if successful, will cause that result. In addition . . . the actor must have knowledge of those facts which are necessary to make his conduct criminal and which are set forth after the word "intentionally".