# SHOPKO STORES, INC., Plaintiff-Respondent,

## v.

# Terese M. KUJAK, Defendant-Appellant.†

Court of Appeals

*No. 87–2054. Argued April 18, 1988.—Decided November 17, 1988.*

(Also reported in 433 N.W.2d 618.)

† Petition to review denied. BABLITCH, J., took no part.

For the defendant-appellant there were briefs by
*Thomas L. Rhorer* and *Western Wisconsin Legal*

*Services, Inc.,* of La Crosse, and oral argument by *Thomas L. Rhorer.*

For the plaintiff-respondent there was a brief by *Allen D. Reuter* and *Clifford & Relles, S.C.,* of Madison, and oral argument by *Allen D. Reuter.*

Before Gartzke, P.J., Dykman and Sundby, JJ.

SUNDBY, J.   Terese Kujak pled guilty to a La Crosse city ordinance shoplifting charge. Restitution was not ordered. Shopko then brought this action under sec. 943.51, Stats. The trial court granted Shopko's motion for summary judgment and awarded it $30 actual damages, $90 exemplary damages, and $210 attorney fees. Kujak appeals from the judgment.

Section 943.51, Stats.,[1] 1985 Wis. Act 179, permits the victim of a retail theft to bring a civil action

---

[1]The full text of sec. 943.51, Stats., is as follows:

(1)   Any person who incurs injury to his or her business or property as a result of a violation of s. 943.50 may bring a civil action against any adult or emancipated minor who caused the loss for all of the following:

(a)   The retail value of the merchandise unless it is returned undamaged and unused. A person may recover under this paragraph only if he or she exercises due diligence in demanding the return of the merchandise immediately after he or she discovers the loss and the identity of the person who has the merchandise.

(b)   Any actual damages not covered under par. (a).

(2)   In addition to sub. (1), if the person who incurs the loss prevails, the judgment in the action may grant any of the following:

(a)1.   Exemplary damages of not more than 3 times the amount under sub. (1)(a) and (b).

2.   No additional proof is required for an award of exemplary damages under this paragraph.

(b)   Notwithstanding the limitations of s. 799.25 or 814.04, all actual costs of the action, including reasonable attorney fees.

against the person who causes the injury to recover the value of the merchandise lost or damaged, other actual damages, exemplary damages, and the costs, including attorney fees, of the action.

Kujak makes a number of claims: (1) The trial court erred in awarding Shopko "actual damages" because Shopko recovered its merchandise without loss. (2) "Actual damages" do not include the wages of Shopko's employees who detected her theft and detained her. (3) Shopko cannot recover exemplary damages from her under sec. 943.51, Stats., because she was punished for her offense by a forfeiture. (4) Shopko waived its cause of action under sec. 943.51 because it failed to avail itself of its adequate remedy under sec. 943.50. (5) She is entitled to have a jury decide Shopko's exemplary damages claim. We conclude that the trial court erred in awarding Shopko exemplary damages on summary judgment. We therefore reverse and remand the exemplary damages issue for trial. We affirm the judgment in all other respects.

(3)   Notwithstanding sub. (2), the total amount awarded for exemplary damages and reasonable attorney fees may not exceed $300.

(4)   The plaintiff has the burden of proving by a preponderance of the evidence that a violation occurred under s. 943.50. A conviction under s. 943.50 is not a condition precedent to bringing an action, obtaining a judgment or collecting that judgment under this section.

(5)   A person is not criminally liable under s. 943.30 for any civil action brought in good faith under this section.

(6)   Nothing in this section precludes a plaintiff from bringing the action under ch. 799 if the amount claimed is within the jurisdictional limits of s. 799.01(4).

## I.

## BACKGROUND OF THE CASE

Kujak was detained by Shopko security personnel on suspicion of shoplifting. She had in her possession eleven unpaid-for items of Shopko's merchandise of a retail value of $59.71. She pled guilty to a violation of sec. 7.04(k) of the La Crosse city ordinances, adopting sec. 943.50, Stats. The municipal court assessed a forfeiture of $67.50. Shopko did not seek restitution under sec. 943.50(5), but began this action under sec. 943.51.

## II.

## ACTUAL DAMAGES

### A.

Kujak claims that Shopko may not recover "actual damages" under sec. 943.51(1)(b), Stats., because it recovered its merchandise undamaged and unused. She argues that the statute is ambiguous but must be so construed because of its interaction with the other provisions of 1985 Wis. Act 179 and sec. 973.09(1)(b) and (1r), Stats.

1985 Wis. Act 179 created sec. 943.50(5), Stats., empowering municipal courts to order restitution for violation of ordinances in conformity with sec. 943.50 (retail theft). The Act also created sec. 943.51. Section 973.09(1)(b), Stats., requires a trial court, unless it finds a substantial reason not to order restitution, to impose, as a condition of probation, restitution of the victim's pecuniary loss to the extent possible. Section 973.09(1r) defines pecuniary loss as the retail value of

the merchandise stolen or of which the merchant has been wrongfully deprived. Kujak argues that the legislature intended that the merchant's recovery under sec. 943.51 shall be limited "in kind and amount" to the compensation available to the merchant under secs. 973.09(1)(b) and 943.50(5), i.e., restitution. We disagree.

A statute is ambiguous if well-informed persons may read it in different ways. *State v. Britzke,* 108 Wis. 2d 675, 680, 324 N.W.2d 289, 291 (Ct. App. 1982) *aff'd,* 110 Wis. 2d 728, 329 N.W.2d 207 (1983). An ambiguity may be created by the interaction of statutes. *State ex rel. Newspapers v. Showers,* 135 Wis. 2d 77, 87, 398 N.W.2d 154, 159 (1987).

We find no ambiguity. Section 943.51(1), Stats., provides that the victim of a retail theft may bring a civil action "for all of the following" and enumerates under par. (a) the retail value of the stolen or misappropriated merchandise unless it is returned undamaged and unused, and under par. (b), any actual damages "not covered under par. (a)." Recovery of actual damages "not covered under par. (a)" is not dependent upon return of the stolen merchandise or recovery of its retail value. The legislature could not have expressed its intent more clearly. We will not examine Kujak's arguments based upon a supposed ambiguity in the statute where none exists.[2] We therefore reject Kujak's contention that Shopko can-

[2]We note that the legislative reference bureau analyzed 1985 Senate Bill 643 (1985 Wis. Act 179) as creating exceptions to the limitation of restitution as a condition of probation and "also" establishing "special civil action provisions for victims of worthless checks or retail theft."

not recover its actual damages under sec. 943.51(1)(b) because it recovered its merchandise undamaged and unused.

## B.

Kujak next contends that Shopko did not incur "actual damages" in the loss of employee services because, when Shopko's security personnel detained her, they were merely doing what they were paid to do. Shopko contends, however, that if Kujak had not committed a retail theft, it would have received an additional two hours of merchandise protection and one hour of managerial services. It argues that such losses of employee services have been recognized as compensable damages. *State v. Service Electric & Supply, Inc.,* 106 Wis. 2d 396, 316 N.W.2d 390 (1982); *City of Milwaukee v. Allied Smelting Corp.,* 117 Wis. 2d 377, 344 N.W.2d 523 (Ct. App. 1983).

In *Service Electric,* the parties stipulated that the supervisor, whose salary the state claimed as damages, would have been paid regardless of the project on which he was working. The state did not hire another employee to work on projects on which the supervisor would have worked except for Service Electric's breach. The court held that the supervisor's salary was properly included as part of the state's damages.

*Allied Smelting* involved a claim for negligent damage to municipal storm sewer systems repaired by the cities' employees. The court reversed and remanded for trial the cities' claim for damages for employee salaries for time spent on the project.

The theory of these cases is that an employer is damaged by the diversion of an employee from the

employee's duties or from duties the employee would otherwise have performed. Here, Shopko's security employee was diverted by Kujak's retail theft from protecting its merchandise. Its management employee was diverted from other management responsibilities. We conclude that the wages paid to these employees for the time spent in processing Kujak's retail theft constitute "actual damages" to Shopko under sec. 943.51(1)(b), Stats. Because the Wisconsin cases are persuasive we reject Kujak's arguments based on decisions from other jurisdictions.

## III.

## EFFECT OF FORFEITURE ON EXEMPLARY DAMAGES

### A.

Kujak contends that the trial court could not award exemplary damages[3] against her under sec.

---

[3]The cases use "exemplary damages" and "punitive damages" interchangeably. *See Wickhem,* "The Rule of Exemplary Damages in Wisconsin," 2 Wis. L. Rev. 129 (1923); *Luther v. Shaw,* 157 Wis. 234, 147 N.W. 18 (1914); *Wangen v. Ford Motor Co.,* 97 Wis. 2d 260, 278 n. 8, 294 N.W.2d 437, 447–48 (1980). *The Random House Dictionary of the English Language* 677 (2d Ed. unabridged 1987) in defining "exemplary damages" says: "See punitive damages."

As Shopko notes, Kujak struggles with the question of whether the exemplary damages allowed under the statute are "more like" common-law exemplary damages than statutory multiple damages. *See Cieslewicz v. Mutual Service Cas. Ins. Co.,* 84 Wis. 2d 91, 267 N.W.2d 595 (1978). We agree with Shopko that exemplary damages under sec. 943.51(2)(a), Stats., are not statutory multiple damages. The imposition of statutory multiple damages is mandatory once the offense is established. *Id.* at 102, 267 N.W.2d at 600. Section 943.51(2)(a) does not make an award of

943.51(2)(a), Stats., because she was subjected to a civil forfeiture for her offense. She argues that it so offends the concept of fundamental fairness that it cannot be held that the legislature intended to allow a merchant to inflict "a second round of punishment"[4] on a retail thief who has been punished by a fine or forfeiture. Kujak claims that sec. 943.51 is available only if there is no prosecution of the retail thief, or the prosecution is unsuccessful. Kujak's suggested construction of the statute is contrary to the intention the legislature plainly expressed in the Act. We look for legislative intent in the language of the statutes. *State v. Gordon,* 111 Wis. 2d 133, 137, 330 N.W.2d 564, 565 (1983). 1985 Wis. Act 179 created a restitution remedy in sec. 943.50(5). The last sentence of par. (b) thereof provides: "A victim may not be compensated under this section and s. 943.51." This sentence is meaningless unless sec. 943.51 is available when the retail thief is successfully prosecuted under sec. 943.50, or an ordinance in conformity therewith.

The Act provides alternative remedies. We have no hesitancy in concluding that sec. 943.51(2)(a), Stats., unambiguously permits recovery of exemplary damages even if the retail thief has been convicted and subjected to a fine under sec. 943.50 or a forfeiture under a local ordinance.

exemplary damages mandatory upon proof of the offense of retail theft.

[4]"Punitive damage is given on the basis of punishment to the injured party not because he has been injured ... but to punish the wrongdoer for his malice and to deter others from like conduct." *Jeffers v. Nysse,* 98 Wis. 2d 543, 547–48, 297 N.W.2d 495, 497 (1980), quoting *Malco v. Midwest Aluminum Sales,* 14 Wis. 2d 57, 66, 109 N.W.2d 516, 521 (1961).

## B.

Kujak asserts that a "second round of retribution is so unfair that it undermines the dignity of the court and respect for the rule of law." She does not attack the constitutionality of sec. 943.51, Stats., on due process grounds but argues that public policy requires that we interpret the statute as she suggests in order to serve appropriate legislative and jurisprudential purposes. Public policy is determined by the legislature. *Martinez v. Ashland Oil, Inc.,* 132 Wis. 2d 11, 15, 390 N.W.2d 72, 74 (Ct. App. 1986). Kujak's arguments must be presented to the legislature and not to the courts.

In any event, "[a]n overwhelming majority of jurisdictions allow the imposition of punitive damages in a civil action even though the same wrongful conduct of the defendant may subject him to criminal punishment." 1 Ghiardi & Kircher, *Punitive Damages, Law and Practice* sec. 3.02, at 2 (1985). Wisconsin allows exemplary damages even where the defendant has been punished in a criminal action. *Klopfer v. Bromme,* 26 Wis. 372, 377 (1870), cited in *Luther v. Shaw,* 157 Wis. 234, 237, 147 N.W. 18, 19 (1914). Fundamental fairness is assured because the jury, in determining punitive damages, may consider "compensatory and punitive damages and fines and forfeitures already imposed . . . ." *Wangen v. Ford Motor Co.,* 97 Wis. 2d 260, 304, 294 N.W.2d 437, 459–60 (1980) (footnote omitted).

## IV.

## WAIVER

Kujak argues that Shopko waived its claim for restitution and damages when it failed to pursue its adequate remedy under sec. 943.50, Stats. We conclude that a victim of a retail theft is not required to seek restitution under sec. 943.50(5)(b) if the retail thief is prosecuted thereunder, or under an ordinance in conformity therewith.

As we have shown, 1985 Wis. Act 179 provides alternative remedies. The victim of a retail theft may seek restitution under sec. 943.50(5), Stats., if the retail thief is prosecuted under sec. 943.50 or an ordinance in conformity therewith, or may seek recovery of damages under sec. 943.51.

Further, we reject Kujak's claim that the remedy under sec. 943.50(5), Stats., is adequate. Section 943.50(5)(b) empowers the court to require payment of the victim's "pecuniary loss," as defined in sec. 973.09(8), Stats. Sec. 943.50(5)(a). The victim's damages thereunder may be less than "actual damages" recoverable under sec. 943.51(1)(b). Also, a restitution order under sec. 943.50(5)(b) cannot include exemplary damages.

## V.

## EXEMPLARY DAMAGES: SUMMARY JUDGMENT

Kujak made a timely demand for a jury trial. She claims she has a right to have a jury determine Shopko's exemplary damages claim.

599

We agree that the trial court erred in awarding Shopko exemplary damages. We do not, however, ground our decision on Kujak's constitutional or statutory right to a jury trial. We decide that Shopko's claim for exemplary damages could not be resolved on summary judgment.

Shopko concedes that at common law exemplary damages are primarily a jury question. It argues, however, that sec. 943.51(2), Stats., rejects the burdens imposed at common law. It contends that sec. 943.51, is a remedial statute which must be liberally construed to accomplish the legislative purpose of punishing and deterring retail theft. *See Watkins v. LIRC*, 117 Wis. 2d 753, 758, 762, 345 N.W.2d 482, 485, 487 (1984) (statutes containing broad remedial language shall be liberally construed).

Liberal construction does not permit us to amend the statute or to change summary judgment methodology. Section 943.51(2), Stats., provides that a judgment thereunder "may" grant exemplary damages. Exemplary damages are not mandatory. If the trial court has the power to award exemplary damages under the summary judgment statute, sec. 802.08, Stats., it is because the plaintiff is entitled to damages as a matter of law. "Sec[tion] 802.08(2), Stats., provides that summary judgment shall be rendered when no material facts are in dispute and only a question of law is presented." *Kraemer Bros. v. United States Fire Ins. Co.*, 89 Wis. 2d 555, 565, 278 N.W.2d 857, 861 (1979).

Shopko's claim for exemplary damages does not present only a question of law. A claim for exemplary damages involves an evaluation of the defendant's conduct and matters in mitigation of damages. Summary judgment is a poor substitute for trial of such

issues. "[T]his issue [punitive damages] can[not] be resolved in a principled fashion on summary judgment." *Sahagian v. Dickey,* 827 F.2d 90, 100 (7th Cir. 1987), citing, *inter alia,* 6 [part 2] J. Moore, *Moore's Federal Practice,* sec. 56.17[18] (2d ed. 1986).

Because punitive or exemplary damages are analyzed by considering the nature of the wrongdoer's conduct, not the nature of the underlying tort, *Wangen,* 97 Wis. 2d at 266, 294 N.W.2d at 442, there is always the question of whether they shall be awarded at all. As we noted in *Welty v. Heggy,* 145 Wis. 2d 828, 835, 429 N.W.2d 546, 549 (Ct. App. 1988), "The amount [of punitive damages] can never be unreasonably low." (Quoting *Wangen,* 97 Wis. 2d at 302, 294 N.W.2d at 458.) "It is a generally accepted rule that once the court determines that the evidence merits submitting the punitive damage issues to the jury, it is entirely within the discretion of the jury to determine whether damages should be awarded at all and to determine the amount which should be awarded." 1 Ghiardi and Kircher, *supra,* sec. 5.38, at 57 (1987), citing *Durham v. Pekrul,* 104 Wis. 2d 339 [350], 311 N.W.2d 615 [620] (1981).

Thus, while proof of Kujak's retail theft is sufficient to subject her to exemplary damages, she may escape an award of such damages altogether if, in the judgment of the fact-finder, her offense does not warrant "the added sanction of a punitive damage to deter others from committing acts against human dignity." *Entzminger v. Ford Motor Co.,* 47 Wis. 2d 751, 757–58, 177 N.W.2d 899, 903 (1970), quoted in *Wangen,* 97 Wis. 2d at 269, 294 N.W.2d at 443. Jean Valjean, for example, if sued in a civil action under a statute such as sec. 943.51, Stats., might have escaped

punitive damages for his theft of bread to feed his family.

There are other factors respecting the defendant's conduct which make trial of a punitive or exemplary damage claim by affidavit inappropriate: the seriousness of the hazard to the public, the profitability and duration of the improper conduct, *Wangen,* 97 Wis. 2d at 305, 294 N.W.2d at 460, and the potential damage which might have been done by such acts as well as the actual damage, *Jeffers v. Nysse,* 98 Wis. 2d 543, 548, 297 N.W.2d 495, 497 (1980).

There may be mitigating factors: the age of the offender; the attitude and conduct of the offender upon detection, *Wangen,* 97 Wis. 2d at 305, 294 N.W.2d at 460; fines and forfeitures already imposed, *Id.* at 304, 294 N.W.2d at 460; that the offender is subject to criminal prosecution, 1 Ghiardi and Kircher, *supra,* sec. 5.34, at 46 (1987); the severity of any criminal penalty already imposed, *Lisowski v. Chenenoff,* 37 Wis. 2d 610, 634, 155 N.W.2d 619, 632 (1968); or that the defendant is a person of modest means who will be severely punished by a relatively small amount of punitive damages, *Wangen,* 97 Wis. 2d at 304, 294 N.W.2d at 459–60.

There are many types of cases which do not lend themselves to resolution on summary judgment. *Balcom v. Royal Ins. Co.,* 40 Wis. 2d 351, 357, 161 N.W.2d 918, 921 (1968). A claim for exemplary damages is such a case. Because we conclude that Shopko's claim for exemplary damages cannot be resolved in a principled fashion on summary judgment, we reverse

the award of exemplary damages and remand Shopko's claim for trial.[5]

*By the Court.*—Judgment affirmed in part, reversed in part and cause remanded.

DYKMAN, J. (*dissenting*). The bill containing what became sec. 943.51, Stats., was introduced at the behest of the "Wisconsin Coalition to Prevent Shoplifting," *See* Legislative Reference Bureau file, 1985 Wis. Act 179 and 1985 A.B. 212. The aim of this organization is self-evident. The legislature's method of deterring shoplifting was to create civil remedies for merchants victimized by shoplifters. However, recovery of exemplary damages plus attorney fees was limited to a total of $300. Sec. 943.51(3).

I do not agree with the majority's conclusion that all common law punitive damage factors are relevant to a determination of exemplary damages under sec. 943.51(2)(a)2, Stats. We are not to construe statutes in derogation of common sense. *State v. Clausen,* 105 Wis. 2d 231, 246, 313 N.W.2d 819, 826 (1982). The legislature intended that proof of shoplifting be enough to support an award of exemplary damages. Thus, whether the offense warrants the "added sanction of ... punitive damage[s]," *Entzminger v. Ford Motor Co.,* 47 Wis. 2d 751, 757–58, 177 N.W.2d 899, 903 (1970), is irrelevant to a claim under sec. 943.51(2)(a)2. Other factors, such as a defendant's wealth, are not

[5]The dissent suggests that we ignore the trial court's award of exemplary damages and find that Shopko is entitled to $300 attorney fees. Shopko does not request $300 in attorney fees; it wants punitive damages. At Shopko's request, the trial court shifted $90 in attorney fees to exemplary damages. Shopko advises us: "The court did so ... to increase the deterrent effect intended by the legislature." The trial court could not give Shopko more attorney fees than it requested. Nor can we.

incompatible with the sec. 943.51(2)(a)2 requirement that proof of shoplifting alone supports an exemplary damage award. The jury trial the majority authorizes should involve only those issues compatible with sec. 943.51(2)(a)2. Common sense dictates that the legislature did not intend, as a shoplifting deterrent, extensive jury trials over $300.

The net result of the majority's decision is that La Crosse county is required to provide a judge, jury, courtroom and court services to decide whether Shopko should receive exemplary damages, the maximum amount of which cannot exceed $90. Sec. 943.51(2)(a)1, Stats. I doubt that the legislature intended such an impact on La Crosse county taxpayers when it set about to draft legislation to combat shoplifting.

All this need not have been. We review motions for summary judgment de novo. *In re Cherokee Park Plat,* 113 Wis. 2d 112, 115–16, 334 N.W.2d 580, 582 (Ct. App. 1983). The law and the undisputed facts, not the parties' desires and requests, dictate the result of a summary judgment motion. Summary judgment methodology does not permit an inquiry into arguments made at a motion hearing. The trial court and this court is concerned only with the parties' pleadings and affidavits. *Id.* at 116, 334 N.W.2d at 582–83. We therefore need not consider whether exemplary damages must be determined by a jury because it is undisputed that Shopko's reasonable attorney fees exceeded $300, and sec. 943.51(3), Stats., limits the total of attorney fees plus exemplary damages to $300.

I would conclude that Shopko is entitled to $300 as attorney fees under sec. 943.51(3), Stats., thus avoiding the necessity of a jury trial over $90.